## Case No. 5,628.

### Ex parte GORMAN.

[4 Cranch, C. C. 572.][1]

Circuit Court, District of Columbia. March Term, 1835.

WITNESS — ATTACHMENT AND PENALTY ON FAILURE TO OBEY SUMMONS—JUSTICE OF PEACE.

If a witness summoned by a justice of the peace of Washington county, to attend before him and testify in a suit for a small debt, fail to attend accordingly, the justice may issue an attachment returnable to the circuit court, who will impose the penalty of two dollars and sixty-seven cents, as required by the 8th section of the Maryland act of 1791, c. 68. The court cannot impose a higher fine.

[John B.] Gorman was summoned by T. C. Coote, Esq., a justice of the peace, to attend before him as a witness for the corporation of Washington against Robert Crook; and having failed to attend, the justice on the 11th of May, 1835, issued his attachment under the act of Maryland of 1791, c. 68, § 8, returnable to this court on the fourth Monday of May, instant, to which day this court stood adjourned. Mr. Gorman answered on oath, but did not purge himself of the contempt. The act authorizes the justices, at their discretion, to fine the offender any sum, not exceeding twenty shillings, current money, for every such offense.

The attachment was as follows: "District of Columbia, Washington County, ss. You are hereby commanded to attach John B. Gorman, and have him before the circuit court of the District of Columbia, for Washington county, on the fourth Monday of May, instant, to answer unto the United States of America, for a contempt by him committed, in not attending as a witness for the mayor, board of aldermen, and board of common council of the city of Washington, against Robert Clarke, before the subscriber, a justice of the peace in and for the said county, after being thereto legally summoned. Hereof fail not. Given under my hand and seal this 11th day of May, 1835. Clement T. Coote. (Seal.)"

THE COURT (nem. con.) imposed the fine of two dollars and sixty-seven cents, (being twenty shillings, Maryland currency.) And CRANCH, Chief Judge, said that he was of opinion that, as the case before the justice appeared by the attachment to be a case of small debt, recoverable in the manner provided for by the act of 1791, c. 68, the punishment of the witness could not be extended beyond that prescribed by that act.

GORMAN (KENNEDY v.). See Case No. 7,702.

GORMAN (LENOX v.). See Case No. 8,246.

[1] [Reported by Hon. William Cranch, Chief Judge.]

## Case No. 5,629.

### GORMAN v. MARSTELLER.

[2 Cranch, C. C. 311.][1]

Circuit Court, District of Columbia. May Term, 1822.

TRESPASS QUARE CLAUSUM FREGIT — DIFFERENT STATES—PROOF OF ENTRY.

1. In trespass quare clausum fregit, the plaintiff must prove a trespass in the county in which the suit is brought.

2. If the close lie partly in Virginia, and partly in the District of Columbia, the injury done in the Virginia part may be given in evidence under the alia enormia.

3. An entry into the District part with intent to do injury in the other part of the close, is unlawful, although without such intent, it would have been lawful.

Trespass quare clausum fregit. The close was called Spring Garden, the greater part of which was in Virginia, and the remainder in the county of Alexandria, in the District of Columbia. The entry upon the District part, was with intent to do an injury in the Virginia part; and without such intent, the entry would not have been a trespass.

THE COURT (THRUSTON, Circuit Judge, absent,) at November term, 1821, instructed the jury, 1st. That the plaintiff must prove a trespass in the county of Alexandria, in the District of Columbia.

2d. (CRANCH, Chief Judge, strongly doubting.) That the injuries done on the Virginia side of the line might be given in evidence under the alia enormia; and

3d. That an entry on the District part of the close, with intent to do the injury on the other part, was a trespass.

See Pope v. Davies, 2 Camp. 266; Bulwer's Case, 7 Coke, pp. 1a, 49; Doulson v. Matthews, 4 Term R. 503; Mostyn v. Fabrigas, Cowp. 164; Alves v. Hodgson, 7 Term R. 241.

Verdict for the plaintiff, $100.

A motion for a new trial, upon a suggestion of misdirection of the jury by the court, as to the admission of evidence of injuries done in Virginia under alia enormia, (those injuries being of themselves substantial causes of action in Virginia,) was argued at November term, 1821, by Mr. Mason, for defendant [Samuel A. Marsteller], and Mr. Wise, for plaintiff [John B. Gorman], and continued to May term, 1822, for consideration, when it was argued again before a full court, by Mr. Mason and Mr. Hewitt, for defendant, and Mr. Wise and Mr. Fendall, for plaintiff, when the new trial was refused.

CRANCH, Chief Judge, still doubting.

GORMAN (UNITED STATES v.). See Cases Nos. 15,236 and 15,237.

GORRELL (PREVOST v.). See Cases Nos. 11,400–11,405.

GORSLINE (KING v.). See Case No. 7,796.

[1] [Reported by Hon. William Cranch, Chief Judge.]