## Bewley, &c., By et al. v. Moremen, et al.

(Decided January 6, 1915.)

### Appeal from Meade Circuit Court.

1. **Contracts—Rescission.**—The ground upon which courts of equity proceed in rescinding or cancelling executed contracts is more narrow, and is to be more carefully trodden than that upon which they refuse specific performance or even decree executory contracts to cancellation; nothing but fraud or palpable mistake will justify the rescinding of an executed contract.

2. **Contracts—Rescission—Actionable Fraud—What Constitutes.**—To establish actionable fraud it must appear that the misrepresentation was of a matter of material fact (as distinguished from opinion), at the time, or previously existing, and not a mere promise for the future; it must be relied upon by the person whose action is intended to be influenced; and must be made with knowledge of its falsity, or under circumstances which did not justify a belief in its truth.

LEWIS & ASHCRAFT for appellants.

CLAUDE MERCER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—Affirming.

In 1906, the appellee, L. B. Moremen, sold to B. F. Bewley ten town lots in Medford, Oklahoma, for $450 in cash. For purposes of convenience, the property had theretofore been conveyed to John P. Haswell, Jr., by Moremen and wife, and Haswell made the deed to Bewley, although the sale was really made by Moremen and the Rock Island Lot & Land Company, of which Moremen was president. As an inducement to the purchase, Moremen, as president and individually, executed and delivered to Bewley the following paper:

"This is to certify that the Rock Island Lot & Land Company will guarantee an advancement of 100% in value over the purchase price within the next two years from the day of the opening of ten lots this day sold in the town of Medford, Oklahoma, to Mr. B. F. Bewley, and if said lots do not so advance, then the company agrees to refund the sum of $450, with legal interest thereon from date of payment.
                               "L. B. MOREMEN, President."

     (Seal)
"March 31, 1906.

     "I personally guarantee the above.
                               "L. B. MOREMEN."

B. F. Bewley having died, his widow and infant son, who sues by his guardian, brought this action upon the guaranty, in October, 1912, to recover the $450, with interest from September 19, 1908. A demurrer having been sustained to the original petition, the plaintiffs filed an amended petition on April 30, 1913, offering to reconvey said lots to Moremen as soon as he should pay the plaintiffs the sum of $450, with interest thereon from March 31, 1906, and praying that the court, through its master commissioner, convey said ten lots to the appellee Moremen for and on behalf of the widow and infant child of B. F. Bewley, and for judgment against Moremen for said $450 with interest from March 31, 1906. In a second amended petition, filed October 11, 1913, it was alleged that the claim of appellee, L. B. Moremen, that he was the president of the Rock Island Lot & Land Company was false and fraudulent, and was made by him to Bewley for the purpose of deceiving and overreaching Bewley in the sale of said lots, and that it did so deceive said Bewley and cause him to make said purchase. It was further alleged that said lots were worth not exceeding $150.00 at the time of the sale, and were not worth more than $190.00 when the petition was filed, and that neither Bewley, during his lifetime, nor the plaintiffs, since his death, had ever had an offer of purchase for any of said lots. This amended petition asked that the deed from Haswell to Bewley for the ten lots be canceled, and that the plaintiffs have judgment against Bewley for the $450, with interest from March 31, 1906.

There are many irrelevant facts stated in the petition as well as in the answers which were filed during the preparation of the case; but, in view of the final determination of the case upon a demurrer to the amended petition, these irrelevant matters will not be further mentioned.

The court sustained the defendant's motion to require the plaintiffs to elect which cause of action they would prosecute—the one contained in the original petition to recover on the written guaranty, or that contained in the amended petition filed October 11, 1913, which sought a cancellation of the deed to Bewley upon the ground of fraud on the part of Moremen in making the sale, and to recover the purchase price. The plaintiffs elected to prosecute the action for a recission and recover the

money as set forth in the amended petition of October 11, 1913. A general demurrer to the petition as amended having been sustained, it was dismissed upon a failure to amend; whereupon the plaintiffs appealed.

Stripping the amended petition of its irrelevant and unnecessary matter, it seeks to cancel the deed to Bewley and to recover the purchase money, with interest. The only allegation of fraud contained in the petition relates to the claim by Moremen that he was president of the Rock Island Lot & Land Company, and that said claim was made by him for the purpose of deceiving and over-reaching Bewley in the sale, and that it did deceive him and induce him to make the purchase of the ten lots for $450, which were worth not exceeding $190 at the time the petition was filed. It is nowhere alleged in the amended petition that the value of the lots, or the kind or quality thereof, was misrepresented to Bewley at any time; nor is it contended that Bewley did not get a good title to the land bought. The original petition states that Bewley made the purchase and paid his money solely upon the written personal guaranty of Moremen that the lots would advance 100% in value within two years from the date of opening. Bewley accepted the deed from Haswell without objection, and did not require any deed from either Moremen or the Rock Island Lot & Land Company, of which he claimed to be president. It being conceded that Bewley's title to the lots is good; that he got the lots he contracted for; and there being no representation of any kind as to the quality or value of the land at the time of the sale, it would seem that plaintiffs had no cause for cancelling the deed on the ground of fraudulent misrepresentation, and that the judgment of the circuit court was correct.

In Gilbert v. Ledford, 17 Ky. L. R., 608, 32 S. W., 223, this court said:

"The basis of the claim of appellees is that appellant said he was selling them all his land he owned on Richland Creek, when, as they claim, he at the time owned 40 acres besides the boundary described in the deed. How were the appellees injured by such representation, if untrue, when the appellant conveyed them the entire boundary of land, the lines to which he pointed out when the trade was made?"

In Neel v. Neel, 16 Ky. L. R., 195, 26 S. W., 805, this court stated the distinction between the rules applicable

to cases of specific performance and to cases seeking a rescission of an executed contract, as follows:

"The ground upon which courts of equity proceed in rescinding or cancelling executed contracts is more narrow, and to be more carefully trodden than that upon which they refuse specific performance or even decree executory contracts to cancellation. Nothing but fraud or palpable mistake is ground for rescinding an executed contract. (Graham v. Pancourt, 6 Casey, 89; Nace v. Boyer, 6 Casey, 109.)"

The authorities upon the subject of the cancellation of an executed contract are reviewed at length in Livermore v. Middlesborough Town Lands Co., 106 Ky., 163, where we said:

"To establish actionable fraud, or fraud against which equity will relieve—and, as we have seen, the same rule applies in Kentucky to both classes of cases—it must appear that the misrepresentation was of a matter of material fact (as distinguished from opinion), at the time or previously existing (and not a mere promise for the future); must be relied upon by the person whose action is intended to be influenced; and must be made with knowledge of its falsity, or under circumstances which did not justify a belief in its truth. This is the doctrine deducible from the Kentucky decisions. There are some modifications of this doctrine, but they are chiefly by way of substitution of an equivalent for some one of the essentials necessary to constitute fraudulent misrepresentation; as in the cases where it is held that a fraudulent concealment of a material matter of fact is the equivalent of an actual misrepresentation, and the cases in which a statement made as of personal knowledge, but without knowledge, was held to be equivalent to a statement whose falsity was known."

There being no claim that any statement was made as to the value of the lots at the time they were sold, or fraud charged, the petition failed to state a case for a cancellation and the demurrer was properly sustained.

Judgment affirmed.