## Hoffman v. Friedman, et al.

(Decided October 3, 1916.)

Appeal from Kenton Circuit Court
(Criminal, Common Law and Equity Division).

1. Appeal and Error—Questions Presented for Review—New Trial.— Errors in the rejection of evidence not embraced in the grounds for a new trial cannot be considered on appeal.
2. Fraud—Sale of Stock—Action to Recover Price—Reliance on Misrepresentations.—In an action to recover the purchase price of corporate stock, based on the claim that the sale was procured through fraudulent representations, it is necessary for the plaintiff to prove that he relied on such representations and that they constituted a material inducement to the purchase of the stock in question.

B. F. GRAZIANI for appellant.

ORIE S. WARE for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, H. C. Hoffman, brought this suit against Joseph Friedman, Marcus Friedman and Sidney L. Friedman to recover the purchase price of twenty shares

of stock in the Jaynes Dry Goods Company, on the ground that the sale was obtained by fraud. The trial court directed a verdict in favor of the defendants and plaintiff appeals.

It appears that the Jaynes Dry Goods Company was incorporated in the year 1910. Joseph, Marcus and Sidney L. Friedman owned $20,000.00 worth of stock of the company. William Jaynes and H. A. Oelrich were for about eighteen months joint managers of the business and owned $5,000.00 worth of the stock. Oelrich and Jaynes had some disagreement and Oelrich sold his interest to one Schasberger. William Jaynes and Schasberger were joint managers of the business until May, 1913, when Frank Jaynes purchased Schasberger's interest. On October 31st, 1913, Orie S. Ware, an attorney, prepared a contract whereby William Jaynes, Frank Jaynes and plaintiff, H. C. Hoffman, proposed to purchase the $20,000.00 worth of stock owned by the Friedmans for $18,000.00. The contract provided that Ware was to have a commission of $1,000.00 worth of the stock for putting the deal through. The commission was to be paid by the Friedmans by assigning to Ware ten shares of the stock. Of the stock so purchased plaintiff was to receive thirty shares. For twenty shares he paid the sum of $2,000.00 and executed his note for the balance, secured by the stock. This proposition was accepted by the Friedmans. It was understood that plaintiff, who had taken a short course of bookkeeping, was to be the bookkeeper for the company. Hoffman testified that he asked Ware if he was investing any money in the proposition, and Ware replied he was investing $1,000.00 and thought it was a good proposition. Ware also said that ''if I had your money to invest it would be a good opportunity.'' He further claims that on December 1st, 1913, the day the stock was transferred, Marcus Friedman stated that the company had assets worth $40,000.00, that the stock was worth par and that there was a surplus of $3,300.00. At the time Friedman made these statements the contract of sale had been entered into. It also appears that a report on the condition of the business was made by an expert accountant and that his report showed that the business was solvent. William Jaynes, who was introduced by plaintiff, also stated that the report of the expert accountant was correct and the company's assets were worth more than

par. He further testified that his brother, who married Hoffman's cousin, got Hoffman to go into the business. It is due Mr. Ware to say that it is not contended that he knowingly misrepresented the condition of the company, but that as agent of the Friedmans he innocently made the statements attributed to him.

Plaintiff complains of the fact that the trial court refused to permit him to show that some time after the sale was made the assets of the company were sold by a receiver and brought only $7,500.00, and other facts which it is claimed tended to show the insolvency of the company at the time the stock was purchased. It appears, however, that the rejection of competent evidence was not made a ground for a new trial. That being true, the action of the court in rejecting such testimony is not subject to review. Gooch v. Collins, 156 Ky. 282, 160 S. W. 1038.

Passing the question whether or not the representations alleged to have been made by Ware and Marcus Friedman were, in fact, false, and other grounds on which the court's action in directing a verdict in favor of the defendants might have been predicated, plaintiff's evidence utterly fails to show that he relied on the alleged false representations and that they constituted a material inducement to the purchase of the stock in question. That being true, plaintiff failed to prove one of the elements essential to a recovery in an action for deceit. R. C. L.; Fraud, 108; Taylor v. Mullins, 151 Ky. 597, 152 S. W. 774; Bewley v. Moreman, 162 Ky. 32, 171 S. W. 996; Livermore v. Middlesborough Town Lands Company, 106 Ky. 140, 50 S. W. 6; Cole v. Young, 167 Ky. 600.

It follows that the trial court did not err in directing a verdict in favor of the defendants.

Judgment affirmed.