## Hargis v. Hargis.

(Decided Oct. 3, 1933.)

A. H. HARGIS for appellant.

TOWNSEND & PARK for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This action was filed on the 31st day of August, 1926, by Joanna E. Hargis against her husband, A. H. Hargis, for alimony and a divorce from bed and board. The grounds set up in her petition are that he had driven her from her home, refused to furnish her sup-

port and permit her to return to their home. He traversed the petition, and charged abandonment on her part for more than five years next before the filing of the action; that she had a settled aversion for him, refused to contribute to his comfort, happiness, or success; that she engaged in conduct in every way a hindrance and drawback to him and his business, rather than an assistance; and that she had ceased to live with him for more than ten years, and durinf the past ten years or more her actions and conduct had been such as to show that she had ceased to love him or show any interest in him "of any kind or character." He therein declared that "he would be willing for her to return to his home; that she would be welcome, if she would treat him as a wife should treat her husband and manifest any love or consideration for him, or interest in him or his business affairs." The answer was controverted by reply. Evidence was taken on the issues joined. The parties testified elaborately, justifying their actions, conduct, and relations toward each other. A great deal of their testimony describes the property they respectively owned.

On the 29th day of January, 1927, the petition was amended by adding a prayer for an absolute divorce. On the 19th day of February, 1927, a judgment was entered granting the wife an absolute divorce. A part of the same judgment recites that:

> "The parties having mutually agreed concerning their property rights and upon the alimony to be paid to the plaintiff, it is now ordered and adjudged that the defendant be, and he is hereby ordered and required to pay to the plaintiff as permanent alimony the sum of $250.00 a month in advance, beginning the 1st day of February, 1927; said permanent alimony to be paid to the plaintiff for and during the life of the plaintiff or until her remarriage. * ** It is further ordered and adjudged pursuant to the agreement of the parties that all property matters between them have been settled and adjusted."

The judgment deals with other provisions of the agreement, not now involved. He paid the sum of $250 per month in accordance therewith for a period of about three years, then quit. On the 8th day of July, 1930,

she filed an affidavit stating that $2,250 was unpaid of the monthly, permanent alimony, and requested the court for a rule against him to show cause why he had not paid it. In September, 1930, she filed a second affidavit fixing the unpaid alimony at $2,750. He filed his affidavit in response to the rule. On the 30th day of September, 1930, he filed "an answer to the rule and petition," in which he sought to set aside the judgment entered on the 19th day of February, 1927, allowing her permanent alimony of $250 per month and settling their property rights. In February, 1932, he filed his affidavit "as to the finances of plaintiff and defendant." On the 4th day of October, 1930, a judgment was entered for the alimony, uncollected and unpaid from November 1, 1929, to October 1, 1930. In an affidavit filed in accordance with section 1653, Ky. Statutes, an immediate execution was directed to be issued. It was issued and placed in the hands of the sheriff of Breathitt county for execution. He levied it on certain personal property of A. H. Hargis. On the 11th day of October, 1930, he entered a motion, supported by his affidavit, for a new trial of her application to determine the amount of alimony unpaid between the dates indicated above. Also on the same day, he filed amended answer and counterclaim to the application for the payment of past due alimony. On the 6th day of November, 1930, she entered a motion for a rule against him to show cause why he should not be adjudged guilty of contempt for mutilating and destroying the execution issued against him in her favor. He filed a response to this rule, entitled an "answer." The court adjudged his response sufficient and imposed no punishment. On the 14th day of February, 1931, in open court, he was cross-examined. On the 21st day of February, 1931, he filed an amended answer and counterclaim in which he sought to set aside the order fixing the amount of the unpaid alimony. This pleading was traversed by his wife. Evidence was taken in behalf of the parties on the issues thus joined. Again he testified, detailing fully the actions, conduct, and relations of himself and wife, and describing in detail the property owned by himself and her. On the 28th day of September, 1931, he filed a third amended answer and counterclaim attacking the order fixing the past-due alimony, on the ground that it "was entered pursuant to an illegal,

void and fraudulent contract.'' On the 22d day of January, 1932, the action was submitted for trial on the pleadings and evidence. An order· was entered over-ruling the motion to set aside the judgment, sustaining the demurrer to his several answers, and striking from the record his third amended answer and counterclaim. From it, this appeal is prosecuted.

Before the agreed judgment was entered in February, 1927, A. H. Hargis, by writing proposed to pay Joanna E. Hargis $250 per month, according to its terms; also submitted other propositions. It was accepted by her, and an agreed judgment was entered in February, 1927, in accordance therewith. The formality of his attack on this judgment is objectionable, but waiving such, we shall consider his right to have the judgment set aside on the grounds of fraud and duress which he charges in his pleadings and attempts to sustain by his evidence. A judgment, though entered pursuant to the agreement of the parties, may be attacked on either or both of these grounds, and when sustained by the evidence, it becomes the duty of the court to grant relief. Considering, without determining, that the allegations in his pleadings properly and sufficiently alleged fraud and duress, neither of the grounds is shown by the evidence. The proposition of settlement was voluntarily written and signed by him, not in the presence of his wife, or her attorneys. He made it on his own accord, acting on his own judgment, uninflu-enced by his wife, or any one in her behalf. As a basis of his charge of fraud and duress, he charges in his pleadings, and testifies in detail, that the publication, in certain newspapers, of the nature and purpose of this action, caused his bank to lose its deposits and deposi-tors, to decrease in business, to become insolvent, and thereby he became a bankrupt. While there is a con-trariety of evidence bearing on these questions, we are unable to see that such facts, if true, affected the valid-ity of the agreed judgment, entered in pursuance to the written contract of the parties. Conceding that these facts produced the result claimed by him, neither the publication, nor the claimed result, affects the agreed judgment.

''To establish actionable fraud, or fraud against which equity will relieve,—and, as we have seen, the same rule applies in Kentucky to both classes of cases,

—it must appear that the misrepresentaiton was of a matter of material fact, as distinguished from opinion, at the time or previously existing, and not a mere promise for the future; must be relied upon by the person whose action. is intended to be influenced; and must be made with knowledge of its falsity, or under circumstances which did not justify a belief in its truth. This is the doctrine deducible from the Kentucky decisions.'' Livermore v. Middlesboro Town-Lands Co., 106 Ky. 163, 50 S. W. 6, 13, 20 Ky. Law Rep. 1704. This language has been quoted and approved by the Court of Appeals in the following cases: Chicago Building & Mfg. Co. v. Beaven, 149 Ky. 267, 148 S. W. 37; Taylor v. Mullins, 151 Ky. 597, 152 S. W. 774; Bewley v. Moremen, 162 Ky. 32, 171 S. W. 996.

"One who charges fraud, be he plaintiff or defendant, assumes the burden of sustaining his accusation by such legal evidence as will overcome the legal presumption of innocence and beget a belief of the charge of fraud.'' Dennis v. Thomson, 240 Ky. 727, 43 S. W. (2d) 18, 22, and cases cited. It was the duty of A. H. Hargis under this rule to make out his case to set aside the agreed judgment on the theory of fraud, and he was required to establish by at least some evidence that Joanna E. Hargis was a party to the act, either directly or indirectly, which he relies on as fraud, to bring himself within the protection of the principles applicable and controlling in such cases. His insistence that the facts adduced by the evidence constitute duress is equally as unsound. The term "duress" is thus defined: The term "duress," as it is used by the law, means such violence or threats made by the party or some person acting for or through him, or by his advice or counsel, as are calculated to produce on a person of ordinary intelligence a just fear of great injury to person. Com. v. Reffitt, 149 Ky. 300, 148 S. W. 48, 42 L. R. A. (N. S.) 329; American Railway Express Co. v. Hicks, 198 Ky. 549, 249 S. W. 342; Greenwell v. Negley, 101 S. W. 961, 31 Ky. Law Rep. 144; Fears v. United Loan & Deposit Bank, 172 Ky. 255, 189 S. W. 226; Utterback v. Farmers' National Bank, 228 Ky. 827, 16 S. W. (2d) 453; Collins v. Isaacs, 231 Ky. 377, 21 S. W. (2d) 474; Williams v. Rutherfurd Realty Co., 159 App. Div. 171, 144 N. Y. S. 357; Aronoff v. Levine, 190 App. Div. 172, 179 N. Y. S. 247; Fratello v. Fratello, 118

Misc. 584, 193 N. Y. S. 865; Coon v. Metzler, 161 Wis. 328, 154 N. W. 377, L. R. A. 1916B, 667. In Fratello v. Fratello, supra, duress is defined as follows:

> " 'Duress' is an actual or threatened violation or restraint on a man's person, contrary to law, to compel him to enter into a contract or to discharge one."

It would require too much time and space tô make a detailed statement of the pleadings, affidavits, and testimony of the parties; but the only evidence offered in behalf of A. H. Hargis bearing on the question of fraud and duress is his testimony detailing his opinion of the effect of the publication concerning this action by the newspapers on his bank, its business, and his affairs, which he claims caused insolvency of both the bank and himself. He does not intimate that his wife caused the publication or that she was connected with it.

In Renick v. Renick, 247 Ky. 628, 57 S. W. (2d) 663, 667, we considered an action of the husband to set aside an agreed judgment allowing alimony during the life of the wife or until her remarriage, and also settling their property rights. There, as in this case, the evidence failed to show either fraud or duress. Quoting from Stites v. McGee, 37 Or. 574, 61 P. 1129, it was written:

> "A judgment by consent of parties is a judgment, the provisions and terms of which are settled and agreed to by the parties to the action to be affected by it, and it is placed upon and becomes of record by the consent and sanction of the court. The court does not settle the grounds or the terms of it; it is not the judgment of the court except in the sense that the court allows it to go upon the record and have the force and effect of a judgment; and therefore the court cannot amend, modify, or correct it, except by the consent of all the parties to it. It is essentially in its provisions the agreement of the parties, and if the court should change it in any respect without consent, it would cease at once to be the judgment agreed upon by the parties; and such exercise of judicial power would be a practical denial of the right of the party prejudiced, or supposing himself prejudiced, to be heard according to law. McEachern v. Kerchner, 90 N. C. 177. See,

also, Morris v. Peyton, 29 W. Va. 201, 11 S. E. 954.''

For cases enunciating the same rule, see Boone v. Ohio Valley Fire & Marine Ins. Co., 246 Ky. 489, 55 S. W. (2d) 374, Keach v. Keach, 217 Ky. 723, 290 S. W. 708, Smith v. Smith, 236 Ky. 693, 33 S. W. (2d) 651. Hargis cites cases from this court which were reviewed in Renick v. Renick and reconciled with the rule therein stated, as it is found in the above quotations. The grounds of attack on the agreed judgment in the present case are identical with those in Renick v. Renick. Hargis fairly well shows that he is not financially able to meet the payment of $250 monthly alimony. This was shown in Renick v. Renick, concerning which it was therein stated:

"It is shown by the evidence, without contradiction, that the health and financial condition of B. M. Renick * * * have materially changed since the rendition of the judgment in the action for divorce. * * * This court is without the power to make a new contract for them [or relieve the husband of the judgment], simply because of a change in their circumstances or conditions."

However burdensome the agreed judgment requiring him to pay $250 per month may be, it was not within the power of the circuit court, nor is it now in the power of this court, to relieve him of it, in the absence of both allegation and proof of fraud, or want of consent.

A judgment by consent or agreement is nonappealable, and can only be vacated for fraud or want of consent, by the court entering it. The general rule that a decree in a matter outside of the issues raised by the pleadings is a nullity does not apply to a judgment entered by consent. Boone v. Ohio Valley Fire & Marine Ins. Co., 246 Ky. 489, 55 S. W. (2d) 374.

In Hargis' brief it is written:

"The appellant has been unable to find any law that authorizes a woman to leave her home without any moral or legal right, or to leave her home and go to a distant city 100 miles from home where she has wealthy and influential relatives and to a court that is hostile to her husband, and file a suit without any legal cause whatever for such acts."

This argument is on the theory that this court has jurisdiction to reverse the judgment granting the divorce. Section 950-1, Ky. Statutes, deprives this court of exercising such power. Jones v. Jones, 205 Ky. 538, 266 S. W. 48; Autry v. Autry, 237 Ky. 608, 36 S. W. (2d) 15. However, it may review the decree granting the divorce, to determine whether alimony, fees, and costs were properly awarded or refused. Jones v. Jones, 239 Ky. 153, 39 S. W. (2d) 262.

A provision of an agreed judgment embracing the subject of alimony was considered by this court in Renick v. Renick. The pronouncement therein prevents us from reviewing the judgment as to alimony. Respecting the contention of Hargis that the judgment fixing the amount of the unpaid alimony and directing an execution thereon, section 1663, Ky. Statutes, expressly authorized the court to enforce the payment of the past-due alimony either by a rule of contempt or a judgment quod recuperat, or by both. Roper v. Roper, 242 Ky. 658, 47 S. W. (2d) 517; Hall v. Hall, 246 Ky. 12, 54 S. W. (2d) 391. Joanna Hargis proceeded to collect the amount of alimony due by both methods, with the result that the court entered a judgment with directions that she recover the amount due and for an immediate execution. The proceeding against him for contempt is not involved in this case, and for this reason it will not be considered. After the judgment directing the recovery and the issuance of the execution thereon, he requested a new trial thereof. In his application therefor he asserted that the order directing a recovery and the issuance of the execution was obtained by fraud. He again repeated his charges of fraud and duress in the procurement of the original judgment as well as to the order which he sought to set aside by his application for a new trial. For the reasons already stated, he was not entitled to a new trial of the issue as to alimony, determined by the agreed judgment; although he was misled, as he claims, and for that reason was not present at the time of the entry of the judgment fixing the amount of the past-due monthly installments and directing an execution thereon. Accepting his view, as presented in his brief, an examination of his own affidavit, bearing on the question of his being misled and for that reason he was not present at the entry of the judgment, it discloses that he stated therein that the

agreement between him and the attorney of his wife was that the proceeding against him for contempt was to be passed to a future date. This statement of his is corroborated by the affidavit of the attorney of his wife, wherein he states that the agreement only related to passing to a future date the proceeding against him for contempt of court, and not the submission and trial of the wife's proceeding for a judgment for the past due installments of the alimony. The trial court on this issue determined there was no fraud or misrepresentation in the procurement of the order directing a recovery and the issuance of an execution for the unpaid installments of alimony. His finding is supported by the facts. The affidavits of Hargis and the affidavit of the attorney of his wife both stating that the agreement between them related solely to the postponement of the proceeding for contempt, it cannot be doubted that the finding of the trial court was authorized. We have patiently and with great consideration closely scrutinized the pleadings, the evidence, and the decrees of the court. The predicament of A. H. Hargis and his inability to pay the alimony excites and elicits our sympathy in his favor, but the law as it has often been reiterated by this court forbids our granting him the relief which he so earnestly requests in his pleading, proof, and brief.

For the reasons indicated, the judgment is affirmed.