## Barrett v. Barrett.

June 13, 1941.

A. F. Childers for appellant.

F. M. Burke for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

In the year 1932 a divorce was granted to appellee in an action filed against her by appellant. A settlement of property rights was made and entered as a part of the judgment. In addition to the settlement of other property rights, the agreed judgment contained this provision:

"It is further ordered and adjudged by the court by consent of the parties hereto, that the defendant, Martha Barrett, recover of the plaintiff, W. W. Barrett, the sum of One Hundred ($100.00) Dollars per month alimony and maintenance for herself and infant children, during the time Martha Barrett remains unmarried, and in event Martha Barrett remarries, then and in that event the said allowance is to be reduced to the sum of Fifty ($50.00) Dollars

per month during infancy of said children, and to be paid for the support and maintenance of the infant children of plaintiff and defendant.''

On May 10, 1940, on motion of appellee, a rule was issued against appellant to show cause why he should be punished for contempt on account of his failure to pay $50 per month to appellee since November 1, 1939, aggregating $286.85.

The regular judge vacated the bench and Hon. Fred Howes was designated special judge. Appellant filed a motion, supported by his affidavit, seeking to have Judge Howes vacate the bench, and this motion was overruled, Judge Howes thereafter proceeding with the trial of the motion. Appellant filed a response setting up numerous grounds and reasons why he had made no payments since November 1, 1939, and orders were entered directing the taking of proof by depositions and fixing the time therefor.

Later the facts were stipulated as follows:

''It is stipulated that the plaintiff, W. W. Barrett, had complied with the agreed judgment by paying to the defendant, Martha Barrett, as provided in said judgment, the sum of $100.00 per month up to May 1, 1936; that upon said date, their youngest son, Paul Judson Barrett, who was then about fourteen years of age, left the care and custody of the defendant and came to the plaintiff, and has, since that time, resided with him or with plaintiff's sister, Mrs. Nora E. Dotson, and that the plaintiff has provided for the said Paul Judson Barrett since that time; that upon that date (May 1, 1936) the plaintiff ceased to pay the defendant the sum of $100.00 per month, but did pay, beginning with that date, the sum of $75.00 per month up until September 1, 1938, when it was that the oldest son, William Prentiss Barrett, entered the University of the South at Swanee, Tennessee that on September 1st, 1938, the plaintiff ceased to pay the defendant $75.00 per month, but did pay, beginning on that date the sum of $50.00 per month, and continued to pay the defendant $50.00 per month until November 1st, 1939, at which time he ceased such payments and since said date has not paid the defendant any sum or amount under said agreed judgment, or otherwise;

that beginning September 1st, 1938 the plaintiff paid all expenses of the said William Prentiss Barrett, in the said University of the South, and for the school year 1938-39 plaintiff paid approximately the sum of $1,250.00 for him; that for the school year 1939-40 the plaintiff paid all expenses of the said William Prentiss Barrett in said University amounting to approximately $1000.00; that the said William Prentiss Barrett graduated from said University in June, 1940 and is now temporarily in charge of two churches in the state of Florida.''

The cause was submitted on this stipulation of facts and the rule was made absolute. Appellant was adjudged to be in contempt of court but was permitted to purge himself of the contempt by paying the past due installments as indicated in the motion and affidavit, failing in which he was ordered committed to jail until he had complied with the court's order. This appeal follows.

Since the facts were stipulated and since we would be called on in any event to direct the correct judgment to be entered on the stipulated facts, we have decided not to consider the question whether Judge Howes should have vacated the bench. A reversal of the judgment because of his failure to vacate would, in the circumstances, be a useless and frivolous procedure.

It is contended that the judgment is erroneous for the reason that the court was without power to hold appellant in contempt for failure to comply with the agreed judgment since it did not provide that it might be enforced by rule. As supporting this contention, appellant relies on Renick v. Renick, 247 Ky. 628, 638, 57 S. W. (2d) 663; Honaker v. Honaker, 267 Ky. 129, 101 S. W. (2d) 679; Pauley v. Pauley, 280 Ky. 66, 132 S. W. (2d) 512; Hargis v. Hargis, 252 Ky. 198, 66 S. W. (2d) 59, and other cases of similar import, which hold that it is beyond the power of the court to change, alter or modify an agreed judgment except for fraud or mistake. Using this rule as a premise, it is argued that as the agreed judgment could not be altered or modified the court would be in position of being compelled to punish a litigant for failure to comply with a judgment when it might be impossible for him to do so. This argument is unsound, however, because the court is not *compelled* to use the process of contempt to enforce compliance

with the judgment if the litigant establishes that compliance by him is impossible. The use of the process of contempt is discretionary with the court and, obviously, where a litigant bound for the payment of money under a judgment makes a good faith effort to comply with the judgment but it is impossible for him to do so, no court would use the process of contempt to commit him to jail for non-compliance. Roper v. Roper, 242 Ky. 658, 47 S. W. (2d) 517; Hembree v. Hembree, 208 Ky. 658, 271 S. W. 1100; annotations in 40 A. L. R. 547, and 76 A. L. R. 392.

Although the judgment in controversy was an agreed judgment, nevertheless it was in fact the judgment of the court. In Renick v. Renick, supra, it was held that an agreement of the parties entered as a judgment has the force and effect of a judgment. In the Hargis case, supra [252 Ky. 198, 66 S. W. (2d) 62], it was held that the wife in cases of this kind, where there was an agreed judgment, had the option of enforcing the judgment, ''either by a rule of contempt or a judgment quod recuperat, or by both,'' and in the Pauley case a judgment committing the husband to jail for contempt for refusal to pay installments of alimony due under an agreed judgment was affirmed.

Under the stipulated facts in this case no question is raised as to the financial ability of appellant to comply with the judgment—on the contrary, it is apparent from the record that he is financially able to pay whatever is due under it. Clearly the process of contempt should be used to enforce compliance with an alimony judgment when money is admittedly due under it and the defendant is financially able but refuses to pay. A casual reading of the quoted portion of the agreed judgment of divorce makes it apparent that it was a judgment of $50 per month alimony and $50 per month for the support of the children during their infancy, $25 per month for each of them. This was also the construction placed on it by the parties. The stipulation is sufficient to show that no duty is now imposed on appellant to pay the $50 per month for the maintenance of the children but that the $50 allowance for alimony is still in effect. This he refused to pay although he was financially able to do so. This left the chancellor with no alternative than to enforce the judgment by contempt process.

The final contention is that a contempt proceeding

of this character is criminal in its nature, and that therefore to make out a case for contempt the burden was upon appellee to establish that the children are still infants and that she is still unmarried and that appellant was able to pay. There is no merit in this contention. Since there was no attempt to compel the payment of the $50 per month for the support of the children there was no necessity for any proof with reference to the children. Further, by the terms of the judgment the amounts adjudged due and owing by appellant were prima facie due and owing and the burden was on appellant to establish to the contrary. This he did not do. The burden was not on appellee to establish that appellant was able to pay but on appellant to establish that he was unable to do so. Finally contempts of the character involved here are not criminal but civil contempts. Roper v. Roper, supra.

Judgment affirmed.