SELLS v. SELLS.

No. 30934. April 13, 1943.

Rehearing Denied Sept. 14, 1943.

*140 P. 2d 1022.*

Finch & Finch, of Sapulpa, for plaintiff in error.

Grace Arnold, of Drumright, and Glenn O. Young, of Sapulpa, for defendant in error.

CORN, C. J. In the year 1934 the plaintiff in the district court of Creek county obtained a divorce from the defendant on the grounds of extreme cruelty and gross neglect of duty. The parties in writing entered into an agreement dividing their community prop-

erty. They had two children: John, aged 12, and Billie, aged 10. Relying expressly upon representations by the defendant, as set forth in the articles of separation, that he had passed the age limit of eligibility for further employment by his employer, the Stanolind Pipe Line Company, and had been notified that he was to be discharged in the immediate future and would be compelled to take up some unsalaried occupation, the plaintiff agreed to support and maintain the two minor children.

Some two years after this decree was entered, the plaintiff instituted in the district court suit to modify the decree wherein she charged that defendant's representation that he had been notified that he would no longer be employed and would have no income or means to support said minor children was false and fraudulent; that defendant had continued working in his same employment and had not been notified that he was to be discharged, but was earning wages in the sum of $200 per month and had been continuously so employed since the decree. Plaintiff asked that the settlement agreement and decree formerly entered be modified to require defendant to provide clothing and medical and clinical attention for his children, one of whom is a chronic invalid. She further prayed the court to enjoin the defendant from attempting to entice the older boy from her home and from interfering with the plaintiff's custody of her children. The court, on December 18, 1936, by agreement of the parties modified the former decree, and ordered defendant to desist from efforts to entice the children away from the plaintiff or encouraging them in any insubordinate attitude toward the plaintiff, and further ordered that the defendant provide all reasonable and necessary clothing and medical attention for said minor children.

At the time this decree was modified, plaintiff and defendant were residing in Creek county, Okla. Soon after the modified decree was entered, the plaintiff called the defendant by 'phone, advising him of the needs of the children, both for clothing and medical attention. He refused to comply, saying: "Go to hell. I don't care what they need." Soon after that he left the state and succeeded in concealing his whereabouts from the plaintiff for nearly four years, during which he made no effort to obey the court order. During this period he addressed letters to the older boy occasionally, but sent them from fictitious addresses in Missouri, Kansas, or Texas. Shortly prior to the institution of the contempt proceedings, which gave rise to this appeal, plaintiff intercepted a letter indicating that the defendant was still in the employ of the Stanolind. She wrote the superintendent of the company, who informed her that the defendant was still in their employ and earning substantially his former wages. Plaintiff had her attorney write the defendant again urging him to comply with the court order. This letter he ignored. She applied to his attorney, in a further effort to work out their differences amicably and obtain compliance with the court order. This failing, on May 10, 1940, she filed verified complaint for citation for contempt, which was duly issued. The defendant appeared and moved the court to require the complaint to be made more specific, definite, and certain by itemizing the amounts paid physicians and druggists in caring for the invalid child, and by setting out the exact amounts paid for clothing in keeping the oldest child in school. When the cause was reached on the docket, the defendant demanded trial by jury and the court fixed bond for his appearance. The citation was amended as requested, whereupon defendant demurred upon the ground that the citation did not state facts sufficient to show the defendant guilty of contempt. The demurrer was overruled. The defendant then answered denying generally the allegations of the complaint, entered a plea of "not guilty," re-alleged that the petition did not state facts sufficient to show the defendant guilty of contempt, and pleaded the statute of limitations.

A jury was duly impanelled and the

case tried. Plaintiff's evidence substantiated the facts as hereinabove set forth, and the defendant declined to testify or offer any evidence in his own defense.

At the conclusion of the case it was agreed that the court might instruct the jury orally. The defendant requested the court to instruct the jury that before the jury could find defendant guilty it must find that the failure to comply with the court order had been willful. Concerning the instructions generally, the court inquired of the defendant's attorney: "Are you satisfied if I add the word 'willful' to it?" Mr. Heber Finch: "Yes, sir." Thereupon the court added to his former instructions the instruction:

"Gentlemen of the jury, before you can find the defendant guilty, you must find from a preponderance of the evidence that he has willfully violated the order."

No exception was taken to the instructions as so amended.

The jury by its verdict found the defendant guilty, and the court, having overruled motion for new trial, allowed the plaintiff to interline her complaint to conform to the evidence and charge in express terms that the violation of the court order by the defendant had been willful. The facts in the complaint, set forth in detail, showed a willful violation of the court order, and the evidence similarly showed an utter, flagrant, and inexcusable disregard of the court's authority, wholly without excuse, cause, or justification. The court found the defendant had failed to provide clothing and medical attention conformable to its order to the extent of $641, approved the verdict of the jury of guilty, and ordered him committed to the care and custody of the sheriff of Creek county "until he shall have purged himself of said contempt by paying to the plaintiff, or to the clerk of this court for her benefit, the sum of six hundred forty-one and no/100 dollars ($641.00)." The court assessed the costs against the defendant. No motion for new trial was filed to review the order allowing the amendment, nor the judgment and sentence of the court.

The defendant has brought the case to this court for review and for grounds of error alleges in substance:

(1) That the failure of the defendant to state in express words that the violation of the court order was willful was a fatal defect.

(2) That it was reversible error for the court to permit an amendment after verdict to allege, in conformity with the proof, that the acts of the defendant were willful.

(3) That the sentence of the court is void because the duration of the sentence is indefinite and uncertain.

This case is governed directly by the rule laid down in Townsend v. Townsend, 174 Okla. 185, 50 P. 2d 147. In that case Guy Townsend was convicted of contempt of court and committed to jail until such time as he complied with the order of the court. After the trial, the court allowed the plaintiff, Ada Townsend, to amend the complaint by inserting the words: "such failure to comply therewith is willful."

In this case the identical situation presents itself. The complaint alleged facts which showed in detailed and cogent language that the violation of the court order by the defendant was a willful violation; the court held the facts sufficient to charge a willful violation, and that the use of the word "willful" in the complaint was unnecessary; the court tried the case on the theory that "willfulness" was an element of the offense. The defendant expressly acquiesced in the court's instructions to the jury. After the jury's verdict, the court permitted an amendment to expressly allege that the act was willful, thereby curing any defects inherent in the complaint, if such existed. Judgment affirmed.

GIBSON, V. C. J., and RILEY, HURST, and DAVISON, JJ., concur. OSBORN, BAYLESS, WELCH, and ARNOLD, JJ., absent.