**COLPOYS et al. v. FOREMAN.**

No. 9344.

United States Court of Appeals

District of Columbia.

Argued March 4, 1947.

Decided Oct. 13, 1947.

Mr. Vivian O. Hill, of Washington, D. C., for appellants Margaret M. Colpoys and Anna B. Huntemann.

Mr. Arthur C. Bailey, of Washington, D. C., for appellant National Surety Corporation.

Mr. Louis Ginberg, of Washington, D. C., with whom Mr. Dorsey K. Offutt, of Washington, D. C., was on the brief, for appellee.

Before STEPHENS, EDGERTON, and WILBUR K. MILLER, Associate Justices.

EDGERTON, Associate Justice.

In August, 1941, appellee filed a complaint against the United States Marshal for the District of Columbia and his surety. Trial resulted in a verdict that was set aside and is not here on appeal. In 1944 the marshal died and his executors were substituted as defendants. In 1945 the issues for retrial were limited to an alleged forcible and unlawful entry and "any consequent damage that may have resulted therefrom." The amended complaint alleges that in January, 1940, the marshal's deputies forced their way into appellee's home, and beat and arrested him, in attempting to serve civil process on a lodger.

It appeared at the new trial that the deputies had a warrant for the arrest and commitment of appellee's brother-in-law, a lodger in appellee's home, who had been adjudged in contempt for failing to comply with an order requiring him to pay alimony for the support of his wife and children. There was evidence that the deputies forced an entrance late at night, by pushing an unlocked door hard enough to overcome appellee's resistance, and afterwards struck and arrested appellee. The court instructed the

jury that if they found such facts they should decide "to what extent the plaintiff is to be recompensed for any injury or inconvenience or arrest that he suffered * * *". The plaintiff recovered judgment for $6,500. The defendants, the marshal's executors and surety, have appealed.

█ Forcible entry of a dwelling in order to execute civil process is an actionable wrong.[1] "An attachment for contempt for failure to pay alimony is remedial, and in the nature of a civil, and not a criminal, proceeding."[2] The marshal was liable to the appellee not only for the wrongful entry the deputies committed but also for the personal injuries they inflicted.[3]

█ An Act of Congress provides that "on the death of any person in whose favor or against whom *a right of action* may have accrued *for any cause except an injury to the person* or to the reputation, said right of action *shall survive* in favor of or against the legal representatives of the deceased; *but no right of action for an injury to the person* * * * or to the reputation, *shall so survive.*"[4] This substantive provision is reinforced by a procedural one which authorizes "any personal action" which might have been maintained by or against a deceased person to be maintained by or against his executor or administrator, "except actions for injuries to the person or to the reputation * * *."[5] Appellants contend that this legislation deprives appellee of any right to recover, from them, damages for his personal injuries. We agree with the District Court that it has not that effect.

It is clear that appellee's right of action for wrongful entry survived and may be enforced against the marshal's executors and surety. When a wrongful entry leads to further conduct on the premises which is harmful to the occupant, his right of action for the wrongful entry carries with it a right to recover damages for such conduct. "Whatever is done after the breaking and entry is but aggravation of damages."[6] It is unnecessary that the occupant have a right of action for the conduct which aggravates the damages. Service of a valid writ of attachment[7] or replevin[8] obviously creates no right of action, but when it follows a wrongful entry it aggravates the damages caused by the entry. Disinterment of a body, though at common law it created no right of action, aggravated the damages in an action for trespass on land.[9] Assault on a plaintiff's daughter, without any resulting loss of services, gave the plaintiff no right of action but aggravated his damages in an action for forcibly entering his house.[10] When Alexandria County was a part of the District of Columbia, the Circuit Court for the District ruled that a defendant who wrongfully entered the plaintiff's land there with intent to do "an injury" on his adjoining land in Virginia could be required to pay damages in the District for injuries done in Virginia, though the injuries themselves were causes of action in Virginia and not in the District.[11] All this agrees with general principles. "A right of action" is one thing and an item of damage another. There is no general rule that a recoverable item of damage must be independently actionable. Negligently inflicted fright, for example, creates no right of action, but in an action based on negligent physical injury damages may be recovered for fright. One who is responsible for a wrongful act is frequently responsible for damage which it causes by means of intervening acts of third persons, animals, or

---

[1] Palmer v. King, 41 App.D.C. 419, L.R.A. 1916D, 278, Ann.Cas. 1915C, 1139; 47 Am.Jur. 865.

[2] 27 C.J.S., Divorce, § 259, p. 1037. Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 442, 31 S.Ct. 492, 55 L. Ed. 797, 34 L.R.A.,N.S., 874; Barrett v. Barrett, 287 Ky. 216, 152 S.W.2d 610; Sells v. Sells, 193 Okl. 27, 140 P. 2d 1022.

[3] Palmer v. King, supra Note 1.

[4] D.C.Code 1940, § 12—101. Italics added.

[5] D.C.Code 1940, § 20—501.

[6] Adams v. Blodgett, 47 N.H. 219, 90 Am.Dec. 569, 570.

[7] Ilsley v. Nichols, 12 Pick., Mass., 270, 22 Am.Dec. 425.

[8] State ex rel. McPheron v. Beckner, 132 Ind. 371, 31 N.E. 950, 32 Am.St. Rep. 257.

[9] Meagher v. Driscoll, 99 Mass. 281, 96 Am.Dec. 759.

[10] Donohue v. Dyer, 23 Ind. 521.

[11] Gorman v. Marsteller, 2 Cranch C.C. 311, Fed.Cas.No.5629.

natural forces;[12] why should one not be responsible, when the relation of cause and effect is equally clear, for damage brought about by means of intervening nonactionable conduct of the wrongdoer himself? We conclude that Congress did not reduce the measure of damages in actions for wrongful entry by providing that actions for personal injuries should not survive.

Considerations of policy confirm our conclusion. Lawless invasion of homes is the more menacing to a democratic society when it is committed by public officers. The forcible entry of appellee's home by the deputies would be a grave wrong, and one for which appellants would be answerable, even if it had not led to the infliction of personal injuries. There would be neither logic nor policy in denying appellee redress for the injuries which actually resulted from the wrong.

It is immaterial that the statutory period of limitations[13] on actions for assault, battery, and false imprisonment had expired when this suit was brought. Appellants' other contentions are also without merit.

Affirmed.

---

[12] McAfee v. Crofford, 13 How., U.S., 447, 14 L.Ed. 217, illustrates several aspects of this familiar principle.

The intervening act may even be that of the plaintiff himself. Wagner v. International R. Co., 232 N.Y. 176, 133 N.E. 437, 19 A.L.R. 1.

