John J. **KELLEY**
v.
**Raymond J. DUNNE.**
Civ. A. No. 63–116.

United States District Court
D. Massachusetts

June 12, 1964.

F. Lee Bailey, Boston, Mass., for plaintiff.

W. Arthur Garrity, Jr., U. S. Atty., William J. Looney, Asst. U. S. Atty., for defendant.

CAFFREY, District Judge.

This is a bill in equity removed from the Superior Court, Suffolk County, Commonwealth of Massachusetts, to this court, by defendant Raymond J. Dunne, a Postal Inspector assigned to investigate the armed robbery of a United States mail truck which occurred on August 14, 1962 in Plymouth, Massachusetts. The amended complaint alleges that defendant went to the dwellinghouse of petitioner and there wrongfully and falsely represented to petitioner's wife that he had in his possession a warrant authorizing a search of the premises, which statement was wholly untrue; that respondent told petitioner's wife that he had a warrant for petitioner's arrest for a 1957 bank robbery in Ohio, which statement was wholly malicious and false and known by respondent to be

false; and that respondent also recited to petitioner's wife that he knew that petitioner participated in the Plymouth mail robbery and was the master-mind thereof, which statement was false and malicious and known by respondent to be so when he made it. Although the bill as originally filed sought an injunction against repetition of the above-described conduct, counsel for petitioner waived the prayer for injunction at oral argument of a motion to dismiss and now seeks money damages for slander.

The motion to dismiss is based primarily on the ground of official privilege and is supported by respondent's affidavit which establishes that he is, and for 19 years has been, a Postal Inspector; that he is and was assigned to the investigation of the Plymouth mail robbery; and that when interviewing Elizabeth Ann Kelley, wife of the petitioner, he was acting pursuant to regulations and directions of the Post Office Department of the United States, pursuant to 39 U.S.C. § 501, and pursuant to Public Law 68, 84th Congress, Section 203(32) (C) and Section 203(32) (K), 69 Stat. 88. The motion to dismiss was briefed and orally argued by the parties.

■■ It is not alleged in the complaint that respondent was acting at any material time beyond the scope of his employment as a Postal Inspector. Moreover, it is expressly stated in his affidavit that at all material times he was so acting, pursuant to the authorities enumerated in his affidavit. Treating the motion to dismiss as a motion for summary judgment, it must be allowed, primarily on the reasoning of Judge Learned Hand in Gregoire v. Biddle, 177 F.2d 579, 581 (2 Cir. 1949). Strong support for dismissing the instant action is found in an opinion handed down by the Court of Appeals for the Fifth Circuit (Norton et al. v. McShane et al., 332 F.2d 855). In that case the defendants included the Deputy Attorney General of the United States, the Chief of the Executive Office of the United States Marshals, the First Assistant to the Assistant Attorney General, Civil Rights Division, and a Deputy United States Marshal. The complaint alleged that defendants unlawfully and maliciously arrested plaintiffs without probable cause, maliciously detained them without charges for twenty-one hours, during which time they were made to sit in a rigid position for eighteen hours without speaking, eating, or drinking; that defendants forced them to witness horrible and nauseating mistreatment of others, fingerprinted and "mugged" them, and subjected them to all manner of vile abuse and mistreatment. The complaint further alleged that defendants maliciously committed assault and battery on plaintiffs with a large stick or billy club. Other counts in the complaint alleged a conspiracy by defendants to deprive plaintiffs of the equal protection of the laws and equal privileges and immunities under the laws, and plaintiffs sought relief both under the common law and the Civil Rights Act, 42 U.S.C. §§ 1983, 1985(3). The Court of Appeals for the Fifth Circuit dismissed the case, primarily in reliance on Gregoire v. Biddle, supra.

Other support for dismissing the instant action may be found in Ove Gustavsson Contracting Co. v. Floete, 299 F.2d 655 (2 Cir. 1962), cert. denied 374 U.S. 827, 83 S.Ct. 1862, 10 L.Ed.2d 1050, a case in which the Court of Appeals for the Second Circuit upheld the application of immunity in the face of allegations in the complaint that defendants "with intent to harm and injure the plaintiff knowingly, intentionally, willfully, and maliciously made untruthful reports concerning" the complaint. To the same effect see Cooper v. O'Connor, 69 App.D.C. 100, 99 F.2d 135, 118 A.L.R. 1440, cert. denied 305 U.S. 643, 59 S.Ct. 146, 83 L.Ed. 414. Additional support for this ruling is found in Howard v. Lyons, 360 U.S. 593, 79 S.Ct. 1331, 3 L. Ed.2d 1454; Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434; and in Wheeldin v. Wheeler, 373 U.S. 647, 652, 83 S.Ct. 1441, 10 L.Ed.2d 605 (1963).

Motion for summary judgment allowed.