Ozea WRIGHT, Plaintiff,

v.

John F. CORBIN, Jr., et al., Defendants.

Civ. A. No. 3367–N.

United States District Court,
M. D. Alabama, N. D.

Aug. 16, 1971.

J. Paul Lowery, Montgomery, Ala., for plaintiff.

Ira DeMent, U. S. Atty., Montgomery, Ala., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

VARNER, District Judge.

The Plaintiff in the above-styled cause filed suit in the Circuit Court of Autauga County, Alabama, against John F. Corbin, Jr., Harry A. Lauderdale, and fictitious persons causing seizure of a certain red pick-up truck automobile, stating counts in detinue for the truck and in damages to the extent of $10,-000.00 for conversion thereof.

Defendants filed a petition and the case was removed to this Court on the grounds that Defendants were federal agents engaged in activities within the official authority of special investigators of the Alcohol, Tobacco and Firearms Division of the Department of Revenue at the time of the alleged offense. After removal, the Defendants filed in this Court a motion to dismiss or for summary judgment, accompanied by affidavits, whereby they seek relief based upon their official immunity from suit for matters effected within the scope of their employment as officials of the United States Government.

The rule is soundly entrenched in American jurisprudence that a federal official is immune from suit for damages proximately resulting from matters done by that official within the scope of his official authority and in the performance of his official duties. Barr v. Mateo, 360 U.S. 564, 79 S.Ct. 1335, 3 L. Ed.2d 1434; Howard v. Lyons, 360 U.S. 593, 79 S.Ct. 1331, 3 L.Ed.2d 1454; Bershad v. Wood, 9 Cir., 290 F.2d 714, 716;

Gregoire v. Biddle, 2 Cir., 177 F.2d 579, cert. den. 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed. 1363; Norton v. McShane, 5 Cir., 332 F.2d 855, cert. den. 380 U.S. 981, 85 S.Ct. 1345, 14 L.Ed.2d 274; Spalding v. Vilas, 161 U.S. 483, 498, 16 S.Ct. 631, 40 L.Ed. 780. The report of Gregoire v. Biddle, supra, contains an excellent discussion by Judge Learned Hand of the history of the doctrine of immunity. The case of Barr v. Mateo, supra, is an example of a case wherein the Supreme Court enunciated that the doctrine of official immunity applies even to "the outer perimeter of [the] line of duty" of federal officials. As early as Spalding v. Vilas, supra, the courts were firm in holding that all that was necessary was that the act be of "* * * more or less connection with the general matters committed by law to (the federal official's) control or supervision."

The rule is clear, however, that even federal officials are personally liable for their torts done while not acting within the scope of their official authority. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492; Colpoys v. Foreman, 82 U.S.App.D.C. 349, 163 F.2d 908; McVey v. Gross, D.C., 11 F.2d 379; Bailey v. Warner, 8 Cir., 118 F. 395; Asher v. Cabell, 5 Cir., 50 F. 818; Wilson v. Bittinger, 104 U.S.App.D.C. 403, 262 F. 2d 714; Life and Fire Ins. Co. of N. Y. v. Adams, 9 Pet. 573, 603, 9 L.Ed. 234.

Controversy has arisen in some cases wherein it was insisted that the particular federal official in question could not constitutionally be endowed with an official authority to violate the plaintiff's constitutional rights. See Gregoire v. Biddle, supra, (wherein the Attorney General arrested and imprisoned, without the benefit of a warrant or probable cause, a suspected enemy of the United States during World War II); Norton v. McShane, supra, (wherein the Deputy Attorney General of the United States and other high federal officials allegedly, without warrant or probable cause, arrested, imprisoned, and otherwise mistreated plaintiffs who were suspected of intending to participate in the civil rights riot at the University of Mississippi); and Kelley v. Dunne, 1 Cir., 344 F.2d 129, reversing 230 F.Supp. 969, (wherein the Court of Appeals for the Second Circuit refused to follow Norton v. McShane, supra).

■ No problem exists in the instant case of determining whether or not the officials, charged as Defendants, were acting in the line and scope of their authority at the time of the seizure. The affidavit of Agent Kibler shows clearly that the truck in question contained 86 gallons of nontax-paid whiskey without the requisite tax stamp at the time of the seizure and this Court judicially knows that agents of the Alcohol, Tobacco and Firearms Division of the Revenue Department are authorized to seize vehicles so adorned, 26 U.S.C. §§ 7301(e), 7321, 7302, 7608. For this reason, this Court is of the opinion that the motion to dismiss should be granted.

This Court is, however, reluctant to find that the pleadings could not be effectively amended so as to state a good cause of action against these Defendants or one of them and for that reason will not exercise its discretion to grant a summary judgment. National Screen Service Corp. v. Poster Exchange, Inc., 5 Cir., 305 F.2d 647; Wright on Federal Courts (1963) 385–389; Summary Judgments, Asbill and Snell, 51 Mich.Law Rev. 1143. While the pleadings in this case clearly demonstrate a cause of action for a wrong which the Defendants, by affidavits, say was committed within the scope of official authority (and, therefore, immunity) of federal officials and that the cause should, therefore, be dismissed in the present state of the pleadings, this is not to say that the pleadings may not be amended to show that the acts of the Defendants were not done outside of the scope of authority of these officials so that a cause of action may be stated. Presumably, only the Plaintiff knows whether or not he can honestly so amend his complaint. In this Court's view it would be far better for both the Plaintiff and the Defendants to have the facts with reference to

the charges alleged fully developed in order to determine what the truth is, rather than to stop the Plaintiff at the threshold, denying him the opportunity of proving what may be a good cause of action, and not affording the Defendants an opportunity to come forward with such proof as would establish their innocence or immunity. Both Plaintiff and Defendants should have their day in Court if a proper cause of action can be stated against the Defendants. Accordingly, this Court is of the opinion that the motion for summary judgment should be denied.