### BARLOW v. KUCHENBACHER et al.

First Division. Ketchikan. December, 1927.

No. 1057–KA.:

**1. False Imprisonment** &⟫15(1)—**United States Marshals.**

Plaintiff brought this action to recover damages for false imprisonment, and alleges in his first cause of action that defendant Kuchenbacher, a deputy United States marshal, unlawfully arrested him and illegally imprisoned him, without a warrant or other process, and without probable cause for believing that a felony had been committed. In his second cause of action it is alleged that defendant White is the United States marshal and the other two defendants were his deputies, and that, when plaintiff was taken to the jail, the three defendants failed and neglected to take plaintiff before a magistrate without delay; and the third cause alleges that some days later, when he was taken before a magistrate and a hearing was had, he was dismissed, but not released, and that the three defendants continued to falsely and illegally imprison him until a later date. On demurrer, *held*, that the allegations of the complaint show the three parties sued together as joint tort-feasors; that there is no allegation to connect Pickett with the alleged illegal arrest and false imprisonment by Kuchenbacher, and the only allegation to connect White, the United States marshal, with the acts of Kuchenbacher, is that White is alleged to be United States marshal; that, on the facts stated, Pickett, deputy, and White, United States marshal, are not joint tort-feasors with Kuchenbacher.

**2. False Imprisonment** &⟫15(1)—**United States Marshals** &⟫32—**Acts of Deputy.**

Where a deputy United States marshal arrests a person without a warrant for an alleged offense not committed in his presence, and without the scope of his authority, the United States marshal is not responsible therefor; a marshal is only responsible for the acts of a deputy within the scope of his office.

The demurrer interposed by defendants White and Pickett runs to the three causes of action of the complaint herein.

The first cause of action in the complaint, after setting forth that the defendant White was at all times therein stated the duly appointed, qualified, and acting United States marshal for the First division of the territory of Alaska, and the defendants Kuchenbacher and Pickett were his deputies, alleges that on February 10, 1926, at Ketchikan, the defendant Kuchenbacher unlawfully arrested and illegally imprisoned the plaintiff, without a warrant of arrest or other legal process, in that plaintiff had not committed or attempted to commit any crime in his presence, and plaintiff had committed no felony, and defendant Kuchenbacher had no reason or cause for believing that plaintiff had committed a felony, to his damage in the sum of $10,000.

The second cause of action alleges that defendant White was United States marshal, and the other defendants his duly appointed deputies, and proceeds with the allegation of the arrest of plaintiff without warrant by the defendant Kuchenbacher on February 10, 1927; that plaintiff was taken to the federal jail, and defendants Kuchenbacher, Pickett, and White failed and neglected to take plaintiff before a magistrate without delay, and he was not taken before a magistrate until February 17, 1927, to his damage in the sum of $5,000.

The third cause of action alleges the arrest by the defendant Kuchenbacher of the plaintiff; that plaintiff was taken before a magistrate on February 17th; that a dismissal proceeding was had by the magistrate on February 24th; that the attorney for the plaintiff requested the release of plaintiff from custody from the defendants Kuchenbacher and Pickett, in whose custody he was; but defendants Kuchenbacher, Pickett, and White failed and neglected to release the plaintiff, but continued to falsely and illegally imprison him until February 21st, to his damage in the sum of $10,000.

Duggan & McCain, of Ketchikan, for plaintiff.

J. W. Harding, U. S. Dist. Atty., and H. D. Stabler, Asst. U. S. Atty., both of Juneau, for defendant.

REED, District Judge. It is apparent the action is brought against three defendants as joint tort-feasors. The first cause of action alleges illegal arrest and imprisonment of the plaintiff without warrant by the defendant Kuchenbacher. No tort in this cause of action is alleged to have been committed by the defendant Pickett. The defendant Pickett is alleged to be a deputy marshal, but that fact would not involve him in a tort committed by another deputy, unless he participated in

the tort. Nor does it appear that there is any cause of action against Pickett in the second cause of action. It is the duty of the arresting officer to take the person arrested, without unreasonable delay, before a magistrate, under the statute. No fault or wrong can be attributed to the defendant Pickett because of neglect of his codefendant and deputy to comply with the statute.

The third cause of action does not show that Barlow was detained against his will, nor does it show, by the facts stated, any legal responsibility of Pickett to release the plaintiff from custody.

As to the defendant White, it appears the defendant Kuchenbacher was his deputy, and apparently it is sought to charge the marshal for the arrest of the plaintiff without a warrant and without reasonable cause to believe a felony had been committed by him. It does not appear, from the allegations of the first and second causes of action, that the defendant White authorized the arrest, or consented to the arrest, nor that the arrest was made by his deputy under and by virtue of color of his office. On the contrary, it appears from the complaint that the arrest was made by Deputy Kuchenbacher, without the scope of the duties of his office. Under the law, and as the authorities appear to be, a sheriff is responsible only for the acts of a deputy within the scope of his office. If a deputy does unlawful acts, without the scope of his official duties, his superior is not responsible therefor.

I do not see, in the first and second causes of action, any cause of action alleged against the defendant White. Maddox v. Hudgeons, 31 Tex. Civ. App. 291, 72 S. W. 414; Brown v. Wallis, 100 Tex. 550, 101 S. W. 1076, 12 L. R. A. (N. S.) 1019; Gambill v. Fuqua, 148 Ala. 448, 42 So. 735; Jones v. Van Beaver, 164 Ky. 80, 174 S. W. 795, L. R. A. 1915E, 172.

As to the third cause of action against the defendant White, the same does not show any legal responsibility of White to release the plaintiff, or that the marshal held him against his will.

Taking the allegations of the complaint as a whole, it does not appear that defendants White or Pickett are joint tortfeasors, and therefore defendants are improperly united in the action.

The demurrer will therefore be sustained.