### UNITED STATES v. A CERTAIN TRACT OF LAND IN CITY OF PHILADELPHIA, STATE OF PENNSYLVANIA, et al.

#### No. 5413.

Circuit Court of Appeals, Third Circuit.

July 10, 1934.

B. I. De Young, of Philadelphia, Pa., for the United States.

Harry Shapiro, of Philadelphia, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In this case it appears the United States instituted a proceeding to condemn certain real estate on which Joseph B. Bellmore had a mortgage. He was made a party. In due course the viewers, whose duty it was to ascertain the value, reported. Thereupon Bellmore appealed from the viewers' report. It later appeared that, while the proceeding was heard by the viewers, and before his appeal, Bellmore, by writing duly recorded, had assigned the mortgage to his daughter, and, in a proceeding in the state court seeking to set aside such assignment as being in fraud of creditors, Bellmore made oath that the assignment was made in good faith and in consideration of his love and affection for his daughter. On learning that Bellmore was no longer the owner of the mortgage and had ceased to be a party in interest, and no steps having been taken by the now holder of the mortgage to intervene, the United States moved to dismiss Bellmore's appeal. This motion the court overruled and proceeded to try the case by a jury, which fixed the value of the property higher than the viewers' award. On entry of judgment on the jury's verdict, the United States took this appeal, assigning for error the refusal of the court to dismiss Bellmore's appeal. This motion went to the root of the matter, for, whatever might have been due procedure in the case of an appeal from an award of condemnation viewers, all such matters only arose in case Bellmore had a right to appeal. It now appears that, be-

fore the award of the viewers was made, Bellmore had assigned the mortgage and was no longer a party in interest.

By 25 U. S. Stat. 357 (40 USCA §§ 257, 258), condemnation proceedings by the United States conform to state practice. See U. S. v. Chichester (D. C.) 283 F. 650; the Pennsylvania Procedure Acts governing condemnation, see Act of May 16, 1891, § 6, as amended by Act of April 2, 1903, § 2 (53 PS Pa. § 402), providing that within thirty days after a report of viewers is filed in court, "any party whose property is taken, * * * may appeal to the court of common pleas, and demand a trial by jury, according to the course of the common law."

The question here involved is whether Bellmore, when he took the appeal, was "a party whose property is taken, injured or destroyed." Clearly not. Although properly made a party to the condemnation, by virtue of his ownership of the mortgage, he ceased to have any interest before the award was made, and therefore had no interest when he attempted to appeal. We are clear in the view that, when he attempted to appeal, he had no right to appeal, because he was not, then, to use the terms of the statute, a "party whose property is taken."

So holding, the case is remanded, with instructions to vacate the judgment and dismiss Bellmore's appeal.