## COOPER v. O'CONNOR et al.[*]
### No. 6976.

United States Court of Appeals for the District of Columbia.

Decided June 27, 1938.

Richard L. Merrick and Wade H. Cooper, both of Washington, D. C., for appellant.

H. Winship Wheatley, of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

MILLER, Associate Justice.

The fact situation out of which this appeal developed is the same as that from which have come three earlier appeals to this court. Several of the issues presented by appellant have been determined adversely to him in our previous decisions.[1] The principal distinction—except for differences in parties—between the earlier cases and the present one is the different theory of action upon which appellant here relies. The gist of that theory is that (1) the United States Savings Bank was solvent on and after March 15, 1933; (2) appellees knew it was solvent; (3) from March 6, 1933, to and including December 31, 1935, appellees conspired "to prevent the re-opening of said United States Savings Bank, and to cause the same to be placed in receivership and its assets and property to be sold and disposed of, and thereby and in that manner to wreck and destroy the said bank and to destroy and render worthless and of

---

*Writ of certiorari denied 59 S.Ct. 146, 83 L.Ed. ——.

29 Nalle v. Oyster, 230 U.S. 165, 183, 33 S.Ct. 1043, 57 L.Ed. 1439.

1 Cooper v. Woodin, 63 App.D.C. 311, 72 F.2d 179; United States Savings Bank v. Morgenthau, 66 App.D.C. 234, 85 F. 2d 811, cert. denied, 299 U.S. 605, 57 S.Ct. 232, 81 L.Ed. 446, rehearing denied, 301 U.S. 713, 57 S.Ct. 793, 81 L. Ed. 1365; Cooper v. O'Connor, No. 6956, decided June 27, 1938, 69 App.D.C. 100, 99 F.2d 135.

no value whatsoever the stock owned and held by the plaintiff therein;" (4) they accomplished their purpose by the following acts: Appellee Awalt, Deputy Comptroller of the Currency, on March 14, 1933, refused to permit the bank to reopen; appellee Awalt, on March 17, 1933, appointed a conservator of the bank; appellee Lyons, Deputy Comptroller of the Currency, on September 23, 1933, refused to permit reorganization of the bank and resumption of its business; appellee O'Connor, Comptroller of the Currency, on February 10, 1934, appointed a receiver of the bank; all the appellees, prior to January 8, 1934, appeared before a grand jury and caused indictments to be returned against appellant, accusing him of violations of the Federal banking laws. In a second count appellant alleged that appellees committed the acts complained of "acting together and with a common intent."

Demurrers to the declaration were sustained; appellant elected to stand upon his declaration; and judgment was entered in favor of appellees. This appeal is from that judgment.

The principles of law set out in Cooper v. O'Connor, 99 F.2d 135, 69 App.D.C. 100, No. 6956, decided this day, are equally controlling here. Recasting the facts—with other conclusions of law— as appellant has done, upon a slightly different theory of action, gives them no greater virtue. The declaration shows on its face that appellees were officials of the Federal Government. We take judicial notice of the fact that the specific acts charged to have been committed by each of them, in each case came within the scope of his official authority. We have decided that their joint participation, in causing indictments to be returned against appellant was also properly within the scope of their authority. Cooper v. O'Connor, supra.

Assuming that all of their acts were done by joint agreement, it was proper that they should so act in carrying out their official duties. Consequently, appellant's allegation of a conspiracy is a conclusion of law which falls of its own weight.

As appellees acted within the scope of their authority, in each case, and in concert, their motives were immaterial; and they cannot be subjected to an action for damages alleged to have resulted therefrom, even though in the exercise of their official discretion, they may have been mistaken as to the facts or as to the application of the law. Consequently, it is not necessary to inquire into the merits of the latter question.

Affirmed.