## UNITED STATES v. 18,236 ACRES OF LAND IN FRANKLIN COUNTY, PA.

### Civil Action No. 895.

District Court, M. D. Pennsylvania.

Jan. 5, 1946.

Frederick V. Follmer, U. S. Atty., of Scranton, Pa., and Henry E. Harner, Asst. U. S. Atty., of Harrisburg, Pa., for the Government.

A. J. White Hutton and John S. Smarsh, both of Chambersburg, Pa., for Orville S. Baer and May R. Baer.

WATSON, District Judge.

On April 1, 1942, the United States of America filed a petition in this Court seeking condemnation of certain lands located in Letterkenny Township, Franklin County, Pennsylvania, a parcel of which land, designated Tract No. 106, was owned by Orville S. Baer and May R. Baer, his wife, hereafter referred to as the "Owners."

A Viewers' hearing was held at Chambersburg, Pennsylvania, on June 30, 1943, at which time and place the parties were present and presented their testimony. The viewers subsequently made their award, and from this award the Owners appealed.

The United States of America then presented a petition for, and was granted, a rule to show cause why the appeal should not be quashed and the report confirmed absolutely, for the reason that the award was sufficient in that it was in exactly the same amount as that of an option agreement entered into on December 31, 1941, between the parties here involved for the identical piece of land.

The option agreement contains the following provision: "The vendor agrees that in the event the United States determines, notwithstanding the prior exercise of this offer, the title to said land or any portion thereof or any interest therein, to be unsatisfactory for purchase by deed, the United States, at its election, may acquire the same by condemnation with or without a declaration of taking; and in that event, the Vendor agrees to cooperate with the United States in the prosecution of such proceedings, and the Vendor agrees that this option shall, without more, constitute a stipulation which may be filed in such proceedings and shall be final and conclusive evidence of the true value of the whole of said property and of the proper award to be made in such proceedings."

The record fails to show that the United States determined the title to said land "to be unsatisfactory for purchase by deed," but does show that the owners refused to comply with the terms of the option agreement and deliver the deed for the reason that they contended that the option agreement was obtained by fraud and misrepresentation.

At a hearing on the rule to show cause held May 14, 1945, at Harrisburg, Pennsylvania, before Judge Albert W. Johnson, testimony was taken with respect to the allegations of fraud and misrepresentation on the part of the agent of the United States of America in the obtaining of the aforesaid option agreement, and the said rule to show cause is now before the Court for disposition.

■ The law of the State where the property is situated, as near as may be, governs the practice, pleadings, forms, and proceedings in federal condemnation proceedings, and, therefore, condemnation proceedings by the United States conform to

State practice. U. S. v. A Certain Tract of Land, 3 Cir.1934, 72 F.2d 170.

The law of Pennsylvania, 26 Purdon's Penna.Stat. § 211, reads in part as follows: "Their (three discreet and disinterested resident freeholders of the said county) award shall be subject to appeal, further proceedings, and confirmation, * * *." There is no qualification to this right of appeal and there has been none pointed out by counsel for the government.

■ There was available to the plaintiff a procedure for the enforcement of the terms of the option agreement. However, the plaintiff saw fit not to follow such a procedure but to proceed by condemnation, and now asks this Court to deprive the owners of their right of appeal because of the existence of the option agreement, the validity of which is questioned by the owners. It is not necessary that the Court decide at this time as to whether or not the terms of the option agreement are binding, and that question is, therefore, not decided here.

There does not appear to be any valid reason why the appeal should not be proceeded with and the owners granted an opportunity to have their case heard de novo.

It is ordered that the rule to show cause why the appeal from the report of the viewers should not be quashed and the report confirmed absolutely is hereby discharged.