## BRADFORD v. HARDING et al.
### Civ. No. 12935.

United States District Court
E. D. New York.
Nov. 14, 1952.

E. F. W. Wildermuth, New York City, for plaintiff, appearing specially.

Frank J. Parker, U. S. Atty., Brooklyn, N. Y., Irving P. Kartell, Asst. U. S. Atty., Brooklyn, N. Y., for defendants.

BYERS, District Judge.

This is a plaintiff's motion to remand to the Supreme Court, State of New York, County of Queens, on the ground that the petition is inadequate in ten specified respects, most of which go to its legal sufficiency. The action is against fifty-four defendants, among whom are John F. X. McGohey, Irving H. Saypol, Irving R. Kaufman, Thomas F. Burchill, Jr., James E. Mulcahy, Edward W. McDonald and Emmet E. Harding, and concerning whom and other defendants, the complaint alleges:

"3. That heretofore the defendants and each of them wilfully, wrongfully, falsely, unlawfully, forcibly and violently seized, assaulted and laid hold of plaintiff against his will and consent, and without any warrant, or any legal process, cause, right or authority, arrested, detained, imprisoned and confined the plaintiff and deprived him of his liberty and freedom without due process of law continually from the 18th day of September, 1949, to and including the 25th day of September, 1950 at 71-60 Manse Street, Forest Hills, Borough of Queens, City and State of New York at each of the following places in the City of New York:

240 Centre Street, Borough of Manhattan;

U. S. Court House, Borough of Manhattan;

427 West Street, Borough of Manhattan."

Seemingly, the plaintiff relies fundamentally upon the statement contained in Gully v. First National Bank, 299 U.S. 109 at 112-113, 57 S.Ct. 96, at pages 98, 81 L.Ed. 70, where, after pointing out that if the case is within a statute or right created by the laws of the United States, that must be the original element of the

controversy which must be genuine and present, and not merely possible or conjectural:

"and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal."

If that test is to be applied mechanically, which I venture to doubt, it does not dispose of this motion.

■ The word "disclosure" evokes a certain subjective quality, namely, that which is clear in the vision of the average reader. Since the plaintiff's pleading contains the names of a United States District Judge for the Southern District of New York, two successive United States Attorneys for that District, an Assistant U. S. Attorney, the United States Marshal, a U. S. Commissioner for the Southern District of New York and a U. S. Post Office Inspector, during the period named in the complaint, and since two of the places where they are alleged to have joined in the actions of which the plaintiff complains, are the United States Courthouse in the Borough of Manhattan and the Federal House of Detention, a reader would indeed have to be blind who did not observe that there is disclosed an alleged cause of action, such as is comprehended in Title 28 U.S.C.A. § 1441 et seq.

■ Since this Court may take judicial notice of the official status of certain of the defendants as above stated namely, their respective official capacities, authority and scope of their duties—Cooper v. O'Connor, 69 App.D.C. 108, 99 F.2d 135; Laughlin v. Rosenman, 82 U.S.App.D.C. 164, 163 F.2d 838, 839; Springfield v. Carter, 8 Cir., 175 F.2d 914, 917, and since two of the places in which they are alleged to have offended are U. S. Government properties, there is necessarily disclosed all that is requisite to inform the Court that a violation of federal law is asserted by the plaintiff, and that is sufficient to sustain the removal.

The recitals in the petition, to which the plaintiff insists the Court may not resort to inform itself, are uncontradicted by answering affidavit; they disclose that the plaintiff, having pleaded guilty to a federal offense and having conformed to the judgment entered upon his plea, now seems to think that he has a cause of action against those who constituted two Federal Grand Juries which functioned in his case, as well as the officials to whom reference has been made, and he asserts that he is entitled to recover damages in the sum of one million dollars.

The duty of the United States Attorney to appear for all of the defendants is defined in the statutory provisions to which reference has been made. The necessity for removal under the circumstances shown has been clearly stated in two of the cases upon which the Government relies: Horne v. Aderhold, D.C., 1 F. Supp. 690, and Jones v. Elliott, D.C., 94 F.Supp. 567.

A quotation from the former may be permitted. After referring to the forerunner of Title 28, Sec. 1442, the Court says, 1 F.Supp. at page 691:

"By the above-quoted provision, Congress has manifested the intention to permit the named officers to have suits against them, for acts done in the performance of their duties as federal officers, tried in the United States courts.

"This would appear to be not only a safeguard from possible hostile local situations, but a reasonable provision whereby the United States courts may in the first instance construe the powers and pass upon the conduct of federal officers in the performance of their federal duties.

"As said by the Supreme Court: 'The constitutional validity of the section rests on the right and power of the United States to secure the efficient execution of its laws and to prevent interference therewith, due to possible local prejudice, by state prosecutions instituted against federal officers in enforcing such laws, by removal of the prosecutions to a federal court to avoid the effect of such prejudice.' Maryland v. Soper, 270

**340**

U.S. [9] 32, 46 S.Ct. 185, 190, 70 L. Ed. 449.

\* \* \* \* \* \*

"The above cases were criminal prosecutions against federal officers, but of course the same principle and reasoning apply in civil cases."

The only possible novelty in this case is derived from the failure of the plaintiff to designate in his complaint the federal officers above referred to by their titles; that may reflect an adroit effort to avoid the cases above recited, and Eighmy v. Poucher, C.C., 83 F. 855. The effort is unavailing in view of Cooper v. O'Connor, supra, and the decisions in which it was followed.

Many of the cases cited in the various memoranda filed by the plaintiff have been examined and most of them do not throw any light upon the present question, since jurisdiction here does not depend on diversity or the amount involved.

In the course of certain opinions, language has been used upon which the plaintiff relies to indicate that the Court must confine its attention in such matters to the plaintiff's pleading, and the effort has been made to demonstrate that such an approach is unavailing here to defeat removal.

It is entirely possible that the time will come when the fact of removability under the law will be deemed to be more important than the method by which that fact is established; it seems incongruous, because under the summary judgment practice of Fed.Rules Civ.Proc. rule 56, 28 U.S. C.A., not only pleadings, but depositions, admissions and affidavits, may be consulted by the Court in order to reach a conclusion as to the purely legal aspects of a given controversy, and I venture to think that a parity of reasoning should govern such motions as this.

It is a cause for regret that one or more of the memoranda submitted by the plaintiff contains abusive passages directed to his adversary; such denunciations are of no assistance to the Court whatever.

Motion denied. Settle order.