## SWANSON v. WILLIS.
### No. A–8777.

District Court, Alaska
Third Division, Anchorage.
Sept. 8, 1953.

Bailey E. Bell, of Bell & Sanders, Anchorage, Alaska, for plaintiff.

Arthur D. Talbot, Asst. U. S. Atty., Napoleonville, La., for defendant.

FOLTA, District Judge.

Plaintiff seeks to recover damages from the defendant, a former deputy United States marshal for battery and false arrest, allegedly committed by defendant in connection with arresting or maintaining custody of the plaintiff.

The Assistant United States Attorney appeared on behalf of the defendant and moved to dismiss the complaint. The plaintiff countered with a motion for an order of default on the ground that the Assistant United States Attorney was not authorized to appear in defense of the defendant and that the motion filed by him was not a pleading because he was not authorized to practice law by appearing for and defending a private litigant.

The questions presented are:

(1) Whether the Attorney General of the United States, through the United States Attorney, or one of his assistants, may defend this action;

(2) Whether the United States Attorney or an assistant may defend the action on behalf of the Attorney General without his express authorization, and

(3) Whether a deputy United States marshal, acting within the scope of his authority is immune from civil liability.

■■ The law appears to be well settled that the Attorney General individually, or through the United States Attorneys and their assistants, is authorized to appear and defend civil and criminal actions against government officials, employees and military personnel for acts done in the performance of their official duties. 5 U.S.C.A. §§ 309, 316; Booth v. Fletcher, 69 App.D.C. 351, 101 F.2d 676, certiorari denied 307 U.S. 628, 59 S.Ct. 835, 83 L.Ed. 1511, from which it follows that the Assistant United States Attorney in the instant case is authorized to represent the defendant, without express authorization from the Attorney General, U. S. v. Hall, 9 Cir., 145 F.2d 781; Department of Justice Circular No. 4122 of May 11, 1950.

■ I conclude, therefore, that plaintiff's motion for an order of default should be denied.

■ There are no facts alleged in the complaint from which it could be inferred that the defendant acted outside the scope of his authority, as that term is explained in Cooper v. O'Connor, 69 App.D.C. 108, 99 F.2d 143, certiorari denied 305 U.S. 642, 59 S.Ct. 146, 83 L.Ed. 414, rehearing denied 307 U.S. 651, 59 S.Ct. 1030, 83 L.Ed. 1529. See also, Cooper v. O'Connor, 71 App.D.C. 6, 107 F.2d 207, certiorari denied 308 U.S. 615, 60 S.Ct. 263, 84 L.Ed. 514. Turning then to the question whether a deputy United States marshal is liable for acts committed within the scope of his authority, it is noted that the authorities are unanimous in holding that he is not, Cooper v. O'Connor, supra. Allen v. United States, 81 U.S.App.D.C. 53, 154 F.2d 329; Camp v. Recreation Board for District of Columbia, D.C., 104 F.Supp. 10; Laughlin v. Garnett, 78 U.S.App.D.C. 194, 138 F.2d 931, certiorari denied 322 U.S. 738, 64 S.Ct. 1055, 88 L.Ed. 1572; Phelps v. Dawson, 8 Cir., 97 F.2d 339, annotation 116 A.L.R. 1343.

In the few reported cases which imply that a United States marshal may be civilly liable for acts done in the performance of his official duties, the question of immunity was not involved, McVey v. Gross, D.C., 11 F.2d 379; Barlow v. Kuchenbacher, 7 Alaska 519; Colpoys v. Foreman, 82 U.S.App.D.C. 349, 163 F.2d 908. Moreover, it is worthy of note that even in such cases where the actions were on official bonds, the rule appears to be that laid down in Phelps v. Dawson, 97 F.2d 339, denying liability.

■ In support of his contention of liability the plaintiff also relies on 8 U.S.C.A. § 43. A like attempt in Gregoire v. Biddle, 2 Cir., 177 F.2d 579 met with failure. An examination of the cases brought under that section reveals that the civil rights statute does not apply to federal officers. Thorough search fails to disclose a single case in which a federal law enforcement officer has been deprived of his immunity from civil suit by that statute.

■ The answer to plaintiff's argument that the Assistant United States Attorney is not authorized to practice law in the absence of a certificate of admission is that the Territory is not empowered to prescribe qualifications for federal attorneys or the conditions under which they may be employed by the Federal Government.

I am of the opinion, therefore, that a deputy United States marshal is immune from civil liability for acts done by virtue of his office and, hence, conclude that the motion to dismiss should be granted.