**Linus C. PAULING et al., Appellants**

v.

**Neil H. McELROY, Secretary of Defense, and John A. McCone, Chairman of the Atomic Energy Commission, et al., Appellees.**

**Dwight HEINE et al., Appellants**

v.

**Neil H. McELROY, Secretary of Defense, and John A. McCone, Chairman of the Atomic Energy Commission, et al., Appellees.**

**Nos. 14742, 14743.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 21, 1960.

Decided April 12, 1960.

Mr. Francis Heisler, Chicago, Ill., of the bar of the Supreme Court of Illinois, pro hac vice, by special leave of court, and Mr. A. L. Wirin, Los Angeles, Cal., with whom Mr. James T. Wright, Washington, D. C., was on the brief, for appellants.

Mr. Donald B. MacGuineas, Attorney, Department of Justice, with whom George Cochran Doub and Mr. Samuel D. Slade, Attorney, Department of Justice, were on the brief, for appellees.

Before BAZELON, BASTIAN and BURGER, Circuit Judges.

## PER CURIAM.

The appellants, 39 individuals,[1] sought an injunction in the District Court to restrain the Secretary of Defense, the Atomic Energy Commission and others from detonating any nuclear weapons which might produce radiation or radioactive atomic nuclei; also sought are declaratory judgments that nuclear weapons tests are illegal and damages for injuries sustained by some of the appellants.[2] The restraints thus sought to be imposed on the United States Government and its officers would prohibit all nuclear tests everywhere—including those in testing areas set aside for that purpose. It is alleged that nuclear tests "will cause world-wide fallout of radioactive debris, * * * and will increase the radioactive strontium content of the soil and the amount of contamination of the food supply of the world and of the bones of human beings." The radioactive debris will be "eventually deposited on the surface of the earth * * * [and thereby] contribute to the exposure of human beings to radiation." Possible injury to appellants and others is alleged. Appellants also allege that the Atomic Energy Act of 1954, 42 U.S.C.A. § 2011 et seq. is unconstitutional; that in any event nuclear testing is not authorized by that Act; that the Act unconstitutionally delegates legislative power since it contains no adequate standards; and that the tests violate freedom of the seas and the United Nations Trusteeship Agreement for the Pacific Islands.

The District Court dismissed the complaints on the grounds that appellants lacked standing to sue, and additionally that they did not present a justiciable controversy. While the appellees' motions for dismissal admit, for

---

1. 8 United States citizens, 7 Japanese citizens, 1 citizen of America Samoa, 16 citizens of the Marshall Islands, 1 French, 1 German, 1 Canadian and 4 British citizens. No Russian citizens are plaintiffs.

2. Damage claims would be recognizable, if at all, only against the United States, under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680 (1958). Moreover, the complaints concede that the past as well as future damages "are not monetarily compensable." See also 28 U.S.C. § 1350.

purposes of the motion, all the well pleaded facts in the complaints, such admission does not, of course, embrace sweeping legal conclusions cast in the form of factual allegations.

The Government on this appeal asks that the District Court be affirmed first on the grounds that none of appellants have standing to sue and second that the acts sought to be restrained are authorized by Congress. Alternatively it moves that we affirm on the ground that the acts threatened are not imminent.

█ We need not reach possible questions arising out of the facts, well pleaded or otherwise, for on the face of the pleadings the appellants are without standing to sue in the context of the allegations of their own complaint. They do not allege a specific threatened injury to themselves, apart from others, but rather set themselves up as protestants, on behalf of all mankind, against the risks of nuclear contamination in common with people generally. Standing to sue, even as to the citizen of the United States,[3] does not arise out of such general and indefinite allegations of injury. "The party who invokes the power must be able to show not only that the statute is invalid but that he has sustained or is immediately in danger of sustaining some direct injury as the result of its enforcement, and not merely that he suffers in some indefinite way in common with people generally." Commonwealth of Massachusetts v. Mellon, 1923, 262 U.S. 447, 488, 43 S.Ct. 597, 601, 67 L.Ed. 1078.[4]

█ The District Court correctly held that the appellants had no standing to sue and that the complaints presented no justiciable controversy. The relief here sought is to stop actions of the Executive which Congress has explicitly authorized. The power of Congress to provide for the common defense, and the duty of the Executive to see to it that the laws are faithfully executed, like the exclusive power of the Executive relating to foreign policy, are within the historic areas of political power in which actions of the Executive and Legislative Branches are supreme and beyond judicial review. The acts and powers challenged here are plainly authorized by law and are not prohibited by the Constitution. To temporize with these fundamental and well settled propositions by acting on the appellees' alternative motion and holding this case to be moot because of some current phase of the foreign policy of the United States, which is subject to change at any time, is to take some risk—however slight or remote—of casting doubt on the settled law that the questions presented by the pleadings are in that area of the law where the Executive and the Legislative are supreme. Panama Canal Co. v. Grace Line, Inc., 1958, 356 U.S. 309, 317, 78 S.Ct. 752, 2 L.Ed.2d 788.[5]

Affirmed.

BAZELON, Circuit Judge (concurring in part and dissenting in part).

The District Court dismissed the complaint with prejudice. After an appeal was filed in this court, the Government moved for affirmance of the judgment on the ground that the suspension of nuclear weapons testing had made the possibility of future injury too remote to justify judicial intervention. This would require us to reverse the judgment and remand the case to the District Court with directions to dismiss the complaint without prejudice. United States v.

---

3. The non-resident aliens here plainly cannot appeal to the protection of the Constitution or laws of the United States. See Johnson v. Eisentrager, 1950, 339 U.S. 763, 70 S.Ct. 936, 94 L.Ed. 1255.

4. See also Perkins v. Lukens Steel Co., 1940, 310 U.S. 113, 60 S.Ct. 869, 84 L. Ed. 1108; Tennessee Electric Power Co.

v. Tennessee Valley Authority, 1939, 306 U.S. 118, 59 S.Ct. 366, 83 L.Ed. 543; McCabe v. Atchison, T. & S. F. Ry., 1914, 235 U.S. 151, 35 S.Ct. 69, 59 L.Ed. 169.

5. Cf. Bendix Aviation Corp., Bendix Radio Division v. Federal Communications Commission, 1959, 106 U.S.App.D.C. 304, 272 F.2d 533.

Munsingwear, Inc., 1950, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36. Under such an order, appellants would not be precluded from instituting a new suit if nuclear weapons testing were resumed.

When appellants filed their complaint in April of 1958, the Atomic Energy Commission, with the approval of the President, had announced its intention to conduct a series of atomic weapons tests in Nevada and the South Pacific during the spring and summer of that year. These tests were completed on October 30, 1958. The Government's motion shows that pursuant to a series of self-imposed moratoria the United States has not conducted any nuclear weapons tests since that time. In a recent statement on the subject, the President on December 29, 1959, said that "Although we consider ourselves free to resume nuclear weapons testing, we shall not resume nuclear weapons tests without announcing our intention in advance of any resumption."

I agree with the Government's assertion that there is not a sufficient probability that testing will be resumed to justify judicial intervention in so delicate an area either by injunctive relief, United States v. W. T. Grant & Co., 1953, 345 U.S. 629, 73 S.Ct. 894, 97 L. Ed. 1303, or declaratory judgment, Public Service Commission of Utah v. Wycoff Co., 1952, 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291. "Courts should avoid passing on questions of public law even short of constitutionality that are not immediately pressing." Eccles v. Peoples Bank, 1948, 333 U.S. 426, 431, 68 S.Ct. 641, 645, 92 L.Ed. 784.

With respect to the count in appellant's amended complaint requesting damages, I would affirm the District Court's dismissal on the ground that administrative officials named herein are immune from tort liability for discretionary acts taken within the scope of their duties. Kendall v. Stokes, 1845, 3 How. 87, 98, 44 U.S. 87, 98, 11 L.Ed. 506, 833