**Frank CAMERO, Plaintiff,**

v.

**Theodore M. KOSTOS, Defendant.**

**Civ. A. No. 1262-65.**

United States District Court
D. New Jersey.
April 25, 1966.

Samuel P. Orlando, Camden, N. J., Edwin J. McDermott, Philadelphia, Pa., of counsel, for plaintiff.

David M. Satz, Jr., U. S. Atty., by Robert W. Page, Asst. U. S. Atty., for defendant.

COHEN, District Judge.

Plaintiff, Frank Camero, a former civilian employee of the Military Clothing and Textile Supply Agency, an agency of the United States, commenced this action in the Superior Court of New Jersey, on November 13, 1965, against Theodore M. Kostos, a former attorney for the same agency. The gravamen of the complaint,[1] sounds in tort, alleging that defendant, while a prosecuting attorney for the Agency, exceeded his legal duties and maliciously incited departmental discharge of plaintiff with resultant monetary damages, for which he seeks recovery, together with punitive damages.

Defendant, represented by the United States Attorney for the District of New Jersey, secured removal of the state suit pursuant to 28 U.S.C. § 1442, on the ground that at all times pertinent to the complaint, defendant, as attorney for the Agency, was an officer of the United States acting under the color of his office and within the scope of his employment.

Thereafter, defendant filed a motion for an order dismissing the complaint for failure to state a cause of action, asserting absolute privilege of immunity from suit as an officer of the United States acting within the scope of his employment, and further, that the action is barred by *res judicata*, by reason of a collateral proceeding in the Court of Claims. Defendant also seeks a stay of pending discovery proceedings initiated by plaintiff.

Plaintiff counters, urging lack of jurisdiction in this Court and requesting remand to the State Court. He maintains that his cause of action was improperly removed from the State Court since the defendant was not an officer of the United States when suit was commenced, 28 U.S.C. § 1447(c); nor is he entitled to claim immunity. Further, that *res judicata* is inapplicable since the present action is dissimilar to that in the Court of Claims, which involved different parties and issues and an interlocutory order. Moreover, plaintiff argues that defendant's use of supporting affidavits interposing matters outside the pleadings, converts defendant's motion into one for Summary Judgment under F.R.Civ.P. Rule 12(b),[2] and F.R.Civ. Rule 56(e),[3]

---

1. After an Agency Grievance Committee hearing on charges of bribery brought against plaintiff on August 12, 14 and September 2, 1959, resulted in the Committee's recommendation to the Depot Commander that there was insufficient evidence to warrant dismissal, it is charged by paragraph 6 of the complaint that:
   "6. Thereupon, defendant, actuated by malicious motives, wrote to the Depot Commander and stated that the evidence before such Committee clearly established that plaintiff was guilty of bribery and that the grievance should be denied notwithstanding the Grievance Committee's recommendation. Thereupon, defendant reviewed and approved a letter prepared for the signature of such Depot Commander dated December 30, 1959, which letter reads closely upon the foregoing letter written by defendant to such Depot Commander, and after defendant's review and approval such letter was signed by such Depot Commander, and the plaintiff was notified that his grievance (protesting his discharge) was without merit and that the action removing him from his employment was sustained." (Parenthesis added.)

   "8. Defendant was actuated by malicious motives and defendant's actions were not committed in good faith in the performance of his activities aforesaid."

2. F.R.C.P. Rule 12(b): " * * * If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

3. F.R.C.P. Rule 56(e): " * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

which he is entitled to meet through the assistance of appropriate discovery proceedings.

It is readily evident that the parties clash on every phase of this matter. All these issues shall be refined into analytical isolation, as well as be viewed as they may be interrelated. Concise factual narrative of the events leading to the present proceeding may provide a greater prospective to the problems calling for disposition, as well as sharpen a focus on their present resolution.

In 1959, plaintiff was a supervisory clothing inspector civil service non-veteran grade, GS-9, in the Military Clothing and Textile Supply Agency, Department of the Army, Philadelphia Quartermaster Depot, receiving a salary of $6,585.00 per annum. During his twentieth year of service, on May 29, 1959 he was discharged on the accusation of having accepted a bribe in 1948, from one Altman, president of Pembroke Clothes, Inc., a New Jersey supplier of the Quartermaster Depot.

Thereupon, plaintiff pursued the Army Civil Personnel Grievance Procedures, and was granted a hearing,[4] at which defendant as attorney for the Agency conducted the prosecution. After concluding the hearing, the Grievance Committee filed a detailed report on November 2, 1959 with the Depot Commander, unanimously recommending that the departmental dismissal of plaintiff be revoked and that he be reinstated for failure of the evidence to sustain the charges against him.

Subsequent to the hearing and pending the Depot Commander's action on the Committee's recommendation, it is alleged that defendant wrote a "comment" by letter to the Depot Commander, stating that notwithstanding the Committee's fact finding and conclusion, the evidence clearly established plaintiff's guilt of bribery.

Thereafter, by letter dated December 30, 1959, reviewed and approved by de-

fendant and signed by the Depot Commander, plaintiff was notified that his grievance was dismissed for lack of merit and his removal from employment sustained.

Plaintiff then brought an action for back salary in the United States Court of Claims. That Court, sitting *en banc*, on hearing cross motions for summary judgment, determined that there was presented "substantial evidence" to support the dismissal of plaintiff from his employment on the charge of bribery, but remanded the case to the Trial Commissioner. As stated by the Court in Camero v. United States, 345 F.2d 798, 170 Ct. Cl. 490 (1965), at page 806:

"In conclusion, both motions for summary judgment are denied. The case is returned to the Trial Commissioner for further proceedings in accord with this opinion. The trial is to be limited to the issues relating to the participation of Mr. Kostos and is not to include the matter of the validity of the grounds for removing plaintiff. As indicated previously, this court has already determined the question of the validity of the grounds for the removal of plaintiff."

The determination on the merits of discharge was against plaintiff Camero.

While cross motions of the parties, here, raise several interesting issues, those which are deemed dispositive are two: (1) does this Court have jurisdiction by virtue of the removal of the state court suit; and if so, (2) is the defendant cloaked by law with an absolute privilege of immunity by virtue of his public office?

██    On the basis of the present record, there is no doubt that defendant was an attorney in the employ of the United States Government at all times referred to in the complaint challenging his conduct as such. The proposition advanced by plaintiff that under the removal statute, 28 U.S.C. § 1442 and

---

4. See reference 1, ante.

1442(a),[5] a removing defendant must have the present status of a federal officer of the United States at the time removal is sought does not accord with the Congressional intent patently demonstrated on the face of the statutes and espoused by the judicial decisions applying it.[6] Rather, the test is whether the removing defendant was a federal officer, or a civilian employee acting on his behalf, or acting under "the color of office", or in the performance of his duties as a federal employee of an agency of the United States, *at the time the incident complained of occurred.* Goldfarb v. Muller, 181 F.Supp. 41, 43 (D.C.N.J.1959), an opinion by Circuit Judge Forman, specially designated. See also, State of Maryland v. Soper (No. 1) 270 U.S. 9, 46 S.Ct. 185, 70 L.Ed. 449 (1926); Galbert v. Shivley, 186 F.Supp. 150, 152 (W.D. Ark.1960). Clearly, defendant Kostos was at all times complained of by plaintiff, an attorney in the Office of the General Counsel of the Military Clothing and Textile Supply Agency, an agency of the United States. All actions performed by him in connection with the subject matter of the instant suit were performed as official duties assigned to him by the General Counsel.

■ The removal statute, 28 U.S.C. § 1442(a), confers upon such defendant "an independent jurisdictional right to remove either a state civil action or criminal prosecution * * *" from a state to a federal court, wholly apart from the general removal statute, 28 U.S.C. § 1441. Moore's Fed. Pract. (2d ed.) vol. 1A, para. 0.164 p. 825. See, Naas v. Mitchell, 233 F.Supp. 414 (D.C.D.Md. 1964); Brenner v. Kelly, et al., 201 F. Supp. 871 (D.C.Minn.1962).

It is the opinion of this Court that this matter has been removed here properly, and that jurisdiction vests under 28 U.S.C. § 1442(a).

■ Turning to the second issue, and the one which is deemed to be dispositive, i. e. immunity from personal suit, the law seems to have been clearly established in Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). This case was the basis for the decision of our Court of Appeals as recently as 1964 in Keiser v. Hartman, 339 F.2d 597 (3 Cir. 1964), a *per curiam* affirmance of the District Court, cert. den. 381 U.S. 934, 85 S.Ct. 1764, 14 L.Ed.2d 699 (1965). In *Keiser,* the plaintiff, a former employee of the Department of Agriculture, brought a tort action against seven employees of the Department, seeking damages for alleged libel and slander, and malicious conspiracy to secure his discharge. Unlike the instant case, it was stipulated by counsel that the acts complained of were within the outer perimeter of their line of duty as Federal employees. But plaintiff contended that such malice as he alleged, destroyed any privilege against suit. The District Court concluded that the acts were absolutely privileged under the rule laid down by the Supreme Court in Barr v. Matteo, supra. Our Court of Appeals stated:

"The district court rightly held that Barr v. Matteo rules this case and its

---

5. 28 U.S.C. § 1442 Federal Officers Sued or Prosecuted, provides in pertinent parts:

"(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

\* \* \* \* \*

(3) Any officer of the courts of the United States, for any Act under color of office or in the performance of his duties." Cf: 28 U.S.C. § 1442(a) makes similar provision for members of the Armed Forces and its personnel.

6. State of Tennessee v. Davis, 100 U.S. 257, 25 L.Ed. 648 (1880); State of Colorado v. Symes, 286 U.S. 510, 52 S.Ct. 635, 76 L.Ed. 1253 (1932); 1A Moore's Fed. Pract. (2d ed.) para. 0.164 [2] pp. 828–834.

action in dismissing the complaint must be affirmed. Indeed counsel for the plaintiff frankly conceded as much at bar, his expressed hope being to persuade the Supreme Court on certiorari to overrule that decision. This the Supreme Court may do if so advised, but we may not."

*Keiser* seems to be a stronger case for the plaintiff than the instant one. There, departmental and clerical employees were involved. Here, we are confronted with an attorney performing duties for a federal agency as a quasi-judicial officer. The very duties imposed upon defendant Kostos by his superior, the General Counsel of the federal agency, of investigation and prosecution of plaintiff for bribery were precisely those which he performed by virtue of his federal employment. It is for the encouragement of such fearless performance by federal employees, in whom the federal agency reposes its trust and demands performance, that absolute privilege was judicially evolved. Yaselli v. Goff, 12 F.2d 396, 56 A.L.R. 239 (2 Cir. 1926); Barr v. Matteo, supra.

In *Barr,* certain suspended federal employees brought a libel action alleging malice against the then Deputy Director of Personnel who, as Acting Director of the Office of Rent Stabilization, had issued news releases regarding his intention when he assumed his new post, to suspend the certain federal employees for formulating an improper plan for the utilization of certain agency funds. The Court sustained the claim of absolute privilege, stating 360 U.S. at p. 575, 79 S.Ct. at p. 1341:

"The fact that the action here taken was within the outer perimeter of petitioner's line of duty is enough to render the privilege applicable, despite the allegations of malice in the complaint * * * ."

And at page 573, 79 S.Ct. at page 1340:

"It is not the title of his office but the duties with which the particular officer sought to be made to respond in damages is entrusted—the relation of the act complained of to 'matters committed by law to his control or supervision,' Spalding v. Vilas, supra, at 498 (161 U.S. 483), [16 S.Ct. 631, at 637, 40 L.Ed. 780],—which must provide the guide in delineating the scope of the rule which clothes the official acts of the executive officer with immunity from civil defamation suits." (Parentheses supplied)

Accepting the mandate in *Keiser,* and applying the standards in *Barr* for sustaining absolute privilege, it cannot fairly be concluded that the defendant did in fact exceed the "outer perimeter of his line of duty" by his conduct in the performance of such duties with which he was charged by his supervisor and Agency. As pointed out by the Court of Claims, in Camero v. Kostos, supra, where the matter is still pending on an interlocutory remand, it may well be developed that defendant's conduct in regard to his written recommendation to the Depot Commander violated Army Grievance Regulations procedurally, and that such violation, if any, may invalidate the dismissal of defendant from employment. But that is not the issue presented to this Court on this motion to dismiss, for that alone would be insufficient to dissipate the absolute privilege of immunity from tort suit here. For even then, this would be within the outer perimeter of defendant's line of duty as a zealous prosecutor committed to the establishment of the charge. It is the function of such an advocate to persuade the ultimate adjudicatory department or forum of the justice of his cause. That he may have been motivated by malice, or that he did not find his duty distasteful, or that through over-zealousness he may have exceeded the internal regulations of the Army's Grievance proceedings, nevertheless, such would not destroy the immunity traditionally afforded. Such is deemed to be the law as established by *Barr.* Cf. Norton v. McShane, 332 F.2d 855 (5 Cir. 1964), where an intentional tort complaint for assault by United States Marshal was dismissed.

So, also, has the privilege been sanctioned in a case somewhat similar to the

instant one, Poss v. Lieberman, 299 F.2d 358 (2 Cir. 1962). There, while the suit was for libel, it was removed from the state court. The alleged libel was contained in a report prepared for agency use, similar to the agency reports complained of in the present case. The Court dismissed, holding that such reports were clearly within the category of "internal use," and that the acts were performed as part of defendant's internal duties within his official capacity as an attorney employed in the Office of the General Counsel of an agency of the United States. And while the Court in *Poss* makes mention that there is some uncertainty among legal scholars regarding the "reach of absolute privilege to the lower echelons of administrative employees," there should be little doubt of its application where reports in the normal function of agency business are involved. Such administrative echelon was involved in *Keiser,* and our Court of Appeals entertains no such misgivings as to the extension of the privilege.

The only tortious acts complained of in the present case concern official legal memoranda and correspondence within agencies of the United States. And further, the affidavit of defendant's superior, General Counsel, convincingly demonstrates that defendant acted in his official capacity as an employee of an agency of the Federal Government. While it may be that such a doctrine of absolute immunity protects the malicious as well as the dedicated governmental officer, or employee, in a particular case, the efficient administration of government and its agencies requires such protection of able and zealous federal employees in the performance of their duties from retaliation by an aggrieved individual. Gregoire v. Biddle, 177 F.2d 579 (2 Cir. 1949). This is not to say that this Court condones malice or other selfish motivations unfortunately indulged on occasion by governmental employees in the performance of their duties. For such is to be deplored. But the doctrine of immunity is designed to protect the Government and to promote performance by its agents and employees in the cardinal interests of the Commonweal; this paramount concern of protection far outweighs isolated grievances, which may occur on rare occasion to particular individuals.

█ Plaintiff's challenge of the character of defendant's motion, asserting conversion of it by affidavits into one for summary judgment, requires consideration. Defendant's motion, although apparently twofold, makes its primary thrust under Rule 12(b) (6), Fed.R.Civ. P., 28 U.S.C., for dismissal in that the complaint fails to state a cause of action upon which relief can be granted. Although for the purposes of such motion, all material allegations of fact well pleaded in the complaint must be taken as true, such admissions do not extend to inferences, arguments or legal conclusions. Pauling v. McElroy, 107 U.S.App.D.C. 372, 278 F.2d 252 (1960). The material allegations of fact contained in the complaint are these, and nothing more: (a) as an attorney for a United States Agency, defendant investigated charges of bribery against plaintiff, which if proved, warranted dismissal; (b) as such attorney, he prosecuted plaintiff before the appropriate grievance committee, an advisory body, of a United States Agency; (c) at the conclusion of the grievance hearing, he maliciously directed a written memorandum-letter to the Depot Commander, the adjudicatory officer, which was contrary to the advisory committee's recommendation; and (d) he reviewed and approved a letter sustaining dismissal of plaintiff, prepared for and issued by the Depot Commander. Solely for the purposes of this motion, these allegations are deemed admitted by the defendant. On the face of the complaint, if these acts are patently those of an attorney of a United States Agency, and if within the scope of his employment, or the outer perimeter of his line of duty, then the defendant may properly urge a dismissal of the action on the grounds of immunity. Obviously, it is precisely in this circle of governmental activity that the complaint is laid.

■ Propriety of dismissal for failure to state a cause of action because of immunity from suit by law is clearly indicated. Particularly apt is the statement in Swanson v. Willis, 114 F.Supp. 434 (D.C.Alaska, 1953), at page 435:

"There are no facts alleged in the complaint from which it could be inferred that the defendant acted outside the scope of his authority, as that term is explained in Cooper v. O'Connor, 69 App.D.C. 108, 99 F.2d 143, certiorari denied 305 U.S. 642, 59 S.Ct. 146, 83 L.Ed. 414, rehearing denied 307 U.S. 651, 59 S.Ct. 1030, 83 L.Ed. 1529."

And in Cooper v. O'Connor, 69 App.D.C. 100, 99 F.2d 135 (1938), there appears at page 139:

"It is not necessary—in order that acts may be done within the scope of official authority—that they should be prescribed by statute (citing authority); or even that they should be specifically directed or requested by a superior officer. (citing authority) It is sufficient if they are done by an officer *in relation* to matters committed by law to his control or supervision.'" (Italics in the opinion.)

■■ Companioned with defendant's motion to dismiss are two affidavits, one by himself stating that at all times complained of he was an attorney acting for the agency in question; the other, by his superior, corroborative of that fact. These documents were addressed to the plea in bar, that of immunity, and do not in fact go outside of the pleadings introducing new or extraneous matter. They do not even amount to a "speaking demurrer," which could conceivably convert the motion into one for summary judgment. Fed.R.Civ.P. 12(b). Even assuming the motion was converted to one for summary judgment under Rule 56 Fed.R.Civ.P., as contended by plaintiff, a conclusion not shared by this Court, clearly on the face of both the complaint and the affidavits, the status and scope of employment are established. These affidavits raise no factual controversy, and the motion must be considered as one for dismissal in bar under Rule 12(b) (6); the affidavits are superfluous, or if worthy of consideration at all, merely amplify a question of law raised in the pleadings. Victory v. Manning, 128 F.2d 415 (3 Cir. 1942); Gallup v. Caldwell, 120 F.2d 90 (3 Cir. 1941); Carroll v. Morrison Hotel Corp., 149 F.2d 404, 407 (7 Cir. 1945). Where the complaint by its own allegations erects a bar on its face, a motion to dismiss should be granted. Kincheloe v. Farmer, 214 F.2d 604 (7 Cir. 1954), cert. den. 348 U.S. 920, 75 S.Ct. 306, 99 L.Ed. 721 (1955); DiSabatino v. Mertz, 82 F.Supp. 248 (D.C. M.D.Pa.1949).

In accordance with the foregoing, it is determined as a matter of law that defendant is entitled to an absolute privilege of immunity from this suit. The motion of defendant for dismissal is hereby granted.

The motions of plaintiff for remand and pretrial discovery should be and are hereby denied.

Counsel may submit an appropriate order in accordance herewith and for the entry of judgment.