**William B. RICHARDSON, Plaintiff,**

v.

**S. S. SOKOL, Commissioner, Bureau of Accounts, Fiscal Service, Treasury Department, United States Government, Defendant.**

**Civ. A. No. 67-1358.**

United States District Court
W. D. Pennsylvania.

May 8, 1968.

William B. Richardson, Greensburg, Pa., for plaintiff.

Thomas A. Daley, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

## MEMORANDUM

JOHN L. MILLER, District Judge.

This action seeks a declaratory judgment that certain provisions pertaining to finance of the Central Intelligence Act of 1949, as amended, 50 U.S.C. § 401 et seq., are unconstitutional and that defendant has failed to publish a statement of the receipts and expenditures of the Central Intelligence Agency which plaintiff asserts is required by Article I, Section 9, Clause 7 of the United States Constitution.[1] It is not contended that defendant's financial statements fail to comply with the statutory provision. Defendant has moved to dismiss the complaint on the grounds *inter alia* that plaintiff lacks standing to sue.

As stated in Commonwealth of Massachusetts v. Mellon, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078 (1923):

"[The courts] have no power *per se* to review and annul acts of Congress on the ground that they are unconstitutional. That question may be considered only when the justification for some direct injury suffered or threatened, presenting a justiciable issue, is made to rest upon such an act. Then the power exercised is that of ascertaining and declaring the law applicable to the controversy. It amounts to little more than the negative power to disregard an unconstitutional enactment, which otherwise would stand in the way of the enforcement of a legal right." 262 U.S. 488, 43 S.Ct. 601.

And further:

"The party who invokes the power must be able to show, not only that the statute is invalid but that he has sustained or is immediately in danger of sustaining some direct injury as the result of its enforcement, and not merely that he suffers in some indefinite way in common with people generally." Id.

In his pleadings and brief, plaintiff asserted no special injury to himself resulting from defendant's alleged misconduct. At oral argument, plaintiff alleged that his purported injury is based solely on his contention that defendant's compliance with the Act prevents plaintiff from gathering evidence in support of his proposition that there is a direct correlation between international discord and the amounts expended by the United States with reference to foreign affairs. We find such injury insufficient to establish plaintiff's standing to raise a justiciable controversy. Cf. Ex Parte Levitt, 302 U.S. 633, 58 S.Ct. 1, 82 L.Ed. 493 (1937); Perkins v. Lukens Steel Co., 310 U.S. 113, 60 S.Ct. 869, 84 L.Ed. 1108 (1940); Pauling v. McElroy, 107 U.S.App.D.C., 372, 278 F.2d 252 (1960), cert. den. 364 U.S. 835, 81 S.Ct. 61, 5 L.Ed.2d 60 (1960); Pauling v. McNamara, 118 U.S.App.D.C. 50, 331 F.2d 796 (1963), cert. den. 377 U.S. 933, 84 S.Ct. 1336, 12 L.Ed.2d 297 (1964).

Since it fails to state a cause of action, the complaint must be dismissed.

An appropriate order will be entered.

---

1. "No Money shall be drawn from the Treasury, but in Consequence of Appropriations made by Law; and a regular Statement and Account of the Receipts and Expenditures of all public Money shall be published from time to time." U.S.C.A. Const. Art. I, § 9, cl. 7.