**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 5 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN DURAN,

      Plaintiff-Appellant,

v.

JOHN ASHCROFT, Attorney General,

      Defendant-Appellee.

No. 03-6160

W. District of Okla.

(D.C. No. CV-02-1177-M)

**ORDER AND JUDGMENT** *

Before **BRISCOE** , **BALDOCK** , and **TYMKOVICH** , Circuit Judges.

Plaintiff-Appellant John Duran, a Cuban-American, brought this hostile work environment suit against his employer, the Federal Bureau of Prisons (the Bureau). Duran alleged in his 42 U.S.C. § 2000e complaint that the Bureau had on eleven separate occasions over six years discriminated against him because of his national origin.

Finding no timely claims of direct discrimination, the district court dismissed the complaint for failure to state a claim under Fed. R. Civ. Proc.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

12(b)(6). According to the district court, 29 C.F.R. § 1614.105(a)(1) (2003), which requires employees to meet with an Equal Employment Opportunity Counselor (EEO Counselor) within forty-five days of any alleged discriminatory incident, barred consideration of eight of the incidents described in Duran's complaint. As for the three remaining timely incidents, the court held that they failed to support a claim upon which relief could be granted. Accepting jurisdiction under 28 U.S.C. § 1291, we reverse.

Background

On September 12, 2001, Duran met with an EEO Counselor regarding various discriminatory actions of the Bureau. The EEO counseling concluded on December 4, 2001. Duran sued the Bureau in federal district court for creating a work environment hostile to him as a Cuban-American. In his complaint, he claimed that the Bureau had discriminated against him on eleven separate occasions. Only three of these incidents were later deemed timely by the district court, namely that (1) on August 8, 2001 he was denied his request for his personnel file, (2) on November 18, 2001, he was relocated to another prison after he supplied inmates with forms with which they could report the negligence of prison employees, and (3) on December 13, 2001, he had been "attacked" by the warden of the Federal Transfer Center in Oklahoma City in the facility's parking lot. The complaint did not describe the nature of the parking-lot attack.

The eight incidents later deemed untimely were as follows: (1) in 1995, the host of an orientation program for new correctional officers told participants to watch out for Cubans because they are "crazy people and extremely violent;" (2) in 1995-96, Duran was denied training opportunities offered to his non-Cuban peers; (3) on May 26, 1999, he was denied a request for medical leave and subsequently placed on "absent without leave" status; (4) on September 10, 1999, his supervisor refused to take him off the work schedule even though he had previously been scheduled for annual leave; (5) in May 2000, one of Duran's colleagues told him that other correctional facility officers had insulted Duran behind his back; (6) in July 2000, Duran received a memo extremely insulting to Cubans; (7) on May 27, 2001, he was assaulted by an inmate because his supervisors had improperly routed a violent inmate to his "general population;" and (8) on June 11, 2001, Duran was told that he was being placed on "absent without leave" status despite having been previously granted annual leave.

The Bureau moved to dismiss for lack of subject matter jurisdiction and failure to state a claim under Fed. R. Civ. Proc. 12(b)(1) and (6). Even though the court considered documents other than the complaint, it elected not to convert the motion into one for summary judgment. Instead, pursuant to *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)(holding that a district court in certain circumstances need not confine itself entirely to the four-corners of the

complaint in deciding a Rule 12(b)(6) motion), the court considered documents referenced but not contained in the complaint and then dismissed it for failure to state a claim.

The district court granted the motion for two reasons.  First, it deemed eight of the incidents untimely under 29 C.F.R. § 1614.105(a)(1) because each had occurred before July 29, 2001, or forty-five days before Duran had met with an EEO Counselor.  The court noted that under the "continuing violation" doctrine of *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), it may consider untimely incidents if they were part of the same unlawful employment practice as the timely incidents.  According to the district court, however, the continuing violation doctrine did not apply because "the pre- and post July 29, 2001 incidents were not of the same general nature."

Second, the court ruled that the three remaining timely incidents did "not support a finding of any discrimination, much less the existence of a [hostile] work environment" and dismissed Duran's complaint under Rule 12(b)(6).  Duran then filed this timely appeal.

<u>Analysis</u>

We review dismissals under Rule 12(b)(6) de novo.      *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1294 (10th Cir. 2003).  Federal pleading requirements function to give notice to the opposing party of the nature of the

claim or defense. *Perington Wholesale, Inc. v. Burger King Corp*., 631 F.2d 1369, 1371 (10th Cir. 1979). Defendants are entitled to obtain only "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A district court should not grant a 12(b)(6) motion unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Gibson*, 355 U.S. at 45-46. In considering a motion to dismiss for failure to state a claim, we do not weigh potential evidence that the parties might submit at trial, but accept all well-pleaded factual allegations as true and view them in the light most favorable to the non-moving party. *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

The district court ruled that the three timely instances of discrimination alleged by Duran "do not support a finding of any discrimination."[1] At this stage of the case, we disagree. In his complaint, Duran stated that he "[had] been, and continue[d] to be, subjected to a series of related acts constituting a continuing pattern of discrimination," including the three recent incidents. The complaint therefore sufficiently alleged that the Bureau had discriminated against him on

---

[1] We emphasize that the district court did not convert the motion to dismiss to a motion for summary judgment under Fed. R. Civ. P. 56 in reaching this conclusion.

those occasions as well as the eight previous occasions.  Simply put, on the face of this complaint, Duran survives a motion to dismiss. [2]

The district court also ruled that the eight untimely incidents could not be included in Duran's hostile work environment claim under *Morgan*, *supra*. Again, we disagree.  Given that we cannot assume at this stage of the pleadings anything about the nature of the incidents and the individuals involved, we must therefore accept all eleven as part of the same unlawful employment practice.

Depending on the pervasiveness and intensity of the discrimination, these eleven incidents may have created a hostile work environment.  On the four corners of his complaint, therefore, Duran has successfully stated a claim upon which relief can be granted.  In reaching this conclusion, we express no opinion

---

[2] To be sure, mere "sweeping legal conclusions cast in form of factual allegations" do not suffice to state a claim under Rule 12(b)(6). *Pauling v. McElroy*, 278 F.2d 252 (D.C. Cir. 1960).  On the contrary, a plaintiff must allege "well-pleaded facts, as distinguished from conclusory allegations." *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).  Under Title VII, however, while "the plaintiff must prove that the employer had a discriminatory intent," *Sprague v. Thorn Americas, Inc*., 129 F.3d 1355, 1364 (10th Cir. 1997), he need not prove discriminatory intent directly but may rely on indirect methods of proof. *Perry v. Woodward*, 199 F.3d 1126, 1135 (10th Cir. 1999); *see also Wells v. Colorado Dept. of Transp*., 325 F.3d 1205, 1223 (10th Cir. 2003) (Hartz, J., concurring) ("Among the lessons taught by [the Supreme Court's opinion in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) is that] discriminatory motive may be proved by circumstantial evidence. . . .").  At the pleading stage, therefore, a plaintiff need not allege specific facts supporting a finding of discriminatory intent so long as he points to some circumstances, occurrences, or events underlying his claim of discrimination.

as to whether at summary judgment Duran will be able to present evidence that i) the three timely incidents were in fact discriminatory, ii) the eleven incidents, even if discriminatory, were sufficiently inter-related as to be part of the same unlawful practice, or iii) the unlawful practice as a whole rose to the level of a hostile work environment.

We REVERSE and REMAND for further proceedings.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge
